Daniel P. Fallon, Respondent, v Clifford B. Hannay & Son, Inc., Appellant.

Third Department, December 28, 1989

**APPEARANCES OF COUNSEL**

*Hinman, Howard & Kattell (James F. Lee* of counsel), for appellant.

*Patrick J. Joyce* for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Plaintiff brought this action for products liability in tort and for breach of warranty against defendant, the manufacturer of the "Hannay Reel", a power reel installed in propane gas delivery trucks upon which the hose used to convey the propane gas from the truck to the tank of the customer is wound, stored and unwound. The facts upon which plaintiff based his causes of action can be garnered from the allegations of the complaint, bill of particulars and the transcript of plaintiff's examination before trial. Briefly summarized, plaintiff claims that, at the time when he sustained the injuries for which he sues, he was employed as a propane gas delivery person for Agway Petroleum Corporation and had been so employed for several years. When the injury-producing incident happened, he was delivering gas to a residence in the Town of Otsego, Otsego County, and in the process of bringing the hose line from the truck to the customer's tank. He was " 'running' with [the] hose", i.e., accelerating his forward movement to overcome the inert weight of the hose as it unrolled from the vehicle, when an entanglement of the hose

on the reel caused it to lock abruptly, which in turn caused plaintiff to fall and sustain serious injuries to his back.

According to plaintiff, the Hannay Reel was defective in not being equipped with a "guide master", a piece of optional equipment manufactured and offered for sale by defendant with the power reel. The function of a guide master is to mechanically direct the laying of the hose back and forth on the reel when the hose is being automatically rewound and thereby prevent the snarling of the hose on the reel, which plaintiff claims ultimately caused his injuries. In his bill of particulars, plaintiff further explained the entanglement problem of the reel without a guide master as being one wherein, upon rewinding, "the hose occasionally, depending on the angle of the hose to the revolving reel, overlaps at various angles, which occasionally results in an overlapping entanglement". Plaintiff identified his breach of warranty causes of action as being based upon express warranty and implied warranty of fitness of the reel for a particular purpose.

After joinder of issue and pretrial discovery, defendant moved for summary judgment. The moving papers consisted of affidavits of defendant's vice-president of manufacturing and a manager of plaintiff's employer, the pleadings, a bill of particulars and the transcript of plaintiff's examination before trial. The evidentiary facts in admissible form in those papers show that defendant had manufactured and sold the power reel and guide master, with the guide master as optional equipment, since the early 1950's and had sold reels both with and without guide masters to plaintiff's employer for several years prior to plaintiff's accident. As a matter of deliberate choice of plaintiff's employer, several of its trucks were equipped with guide masters while others were not. The purpose of the guide master device, to avoid entanglement of the hose on the reel and resultant lock of the hose upon unwinding, was well known by plaintiff's employer and by plaintiff and his coemployees. There were no express warranties made by defendant in the sale of the Hannay Reels, other than a one-year replacement guarantee against defects, which contained a disclaimer against any liability for damage or personal injuries.

Plaintiff opposed defendant's motion by submitting the affidavits of plaintiff and of a university professor of mechanical and aerospace engineering. In his affidavit, plaintiff admitted knowing the potential of the Hannay Reel not equipped with a guide master to entangle and suddenly lock when running

with the hose to service a customer, but denied being "aware that it would knock me down". The affidavit of plaintiff's expert opined that the guide master was an "essential safety item that should, in fact, be a part of the standard equipment of the Hannay Reel and that it's *[sic]* purpose is to prevent the exact occurrence * * * which caused this accident". Supreme Court denied defendant's motion in its entirety on the ground that issues of fact were presented as to whether the guide master was actually a safety device and whether the absence of the device as a standard feature of defendant's reel created an unreasonable risk of harm to the user. This appeal by defendant ensued.

 In our view, defendant was entitled to summary judgment dismissing all three of plaintiff's causes of action. As to plaintiff's first cause of action, at best its gravamen is a claim in strict products liability for a design defect and a failure to warn. The design defect claim refers to defendant's duty not to market the Hannay Reel without the guide master. Thus, it was plaintiff's burden to make out a prima facie case that, *inter alia,* absent the guide master, defendant's power reel was "not reasonably safe" *(Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108). A defectively designed product "is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use; that is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce" *(Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 479). In applying the risk-utility facet of the definition of an unreasonably unsafe product, the Court of Appeals has identified seven factors to be considered *(Voss v Black & Decker Mfg. Co., supra,* at 109). Basically, and as relevant here, these factors refer to the magnitude and seriousness of the danger in using the product, the product's utility to the public and the individual user, the technological and economic feasibility of a safer design and the plaintiff's awareness of the danger and ability to have avoided injury by careful use of the product. These risk-utility factors are to be considered in the first instance by the court to determine whether a plaintiff has made out a prima facie case and, if so, then submitted in some reasonably simple fashion to the jury *(see,* 1 NY PJI2d 243 [1989 Supp]; Donaher, Piehler, Twerski and Weinstein, *The Technological Expert in Products Liability Litigation,* 52 Tex L Rev 1303, 1308, n 29 [1974]).

Here, the facts and reasonable inferences to be drawn from the evidence submitted in support of defendant's motion negated plaintiff's claim that the Hannay Reel without a guide master was not reasonably safe. The reel, sans guide master, was exactly in the condition contemplated by the consumer at the time of purchase, i.e., a useful device whose mechanical efficiency was less than if it had been equipped with a guide master, a quality common to reels of all varieties. Plaintiff himself recognized that entanglement would only occur "occasionally". Even more remote was the likelihood that the sudden locking upon unwinding of a twisted hose would result in a gas deliverer losing balance and then falling with sufficient force to sustain any significant injury. Thus, defendant also successfully demonstrated in its moving papers that the magnitude of danger factor in the risk-utility test was insubstantial. While the existence of the guide master itself established the technical feasibility of a safer reel, the economic feasibility of marketing defendant's product only with the guide master was cast in doubt by the invoices submitted by defendant on the motion, tending to show that inclusion of the guide master substantially increases the cost of the product sold by defendant. Finally, as to the factors to be considered in the risk-utility test, plaintiff's awareness of the possibility of the hose locking and the simple precautions which could have been taken to avoid the disastrous fall also militated against a finding that the reel without a guide master was unreasonably dangerous (see, Rainbow v Elia Bldg. Co., 79 AD2d 287, 291, affd 56 NY2d 550).

Moreover, it is readily inferable that the risks both of an entangled hose locking and then causing any significant injury to a delivery person will vary from one jobsite to another, depending upon such factors as the distance from the delivery truck to the customer's tank and the conditions of the terrain traversed. Purchasers of the reels, knowing their clientele and the conditions under which deliveries to them would be made, were in a better position than defendant, as the manufacturer, to assess the necessity of the protection against snarling and locking afforded by a guide master, even if it were to be considered a safety device. For these reasons also, defendant's proof supported the conclusion that the reel alone was reasonably safe and that defendant satisfied its duty not to market a defective product by giving purchasers the option to buy its reel with or without the guide master (see, Rainbow v Elia Bldg. Co., supra; Biss v Tenneco, Inc., 64 AD2d 204, 207-208, lv

*denied* 46 NY2d 711; *cf., Rosado v Proctor & Schwartz,* 66 NY2d 21, 26).

■ What has previously been discussed also largely disposes of the failure to warn claim in plaintiff's first cause of action. On defendant's proof, the danger of injury was insubstantial and, to whatever degree there was such a risk, it was an obvious one, likely to be appreciated by the user to the same extent as any warning of it would have provided *(see, Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65; Restatement [Second] of Torts § 388, comment k; Prosser and Keeton, Torts § 96, at 686 [5th ed]).

■ Defendant's moving affidavits also effectively presented a defense to plaintiff's breach of warranty claims. They refuted the existence of any express warranty. The affidavits of defendant's vice-president and the manager of plaintiff's employer also dispelled any reliance by plaintiff's employer on defendant's skill or judgment in deciding whether to purchase a reel without a guide master, a necessary element of any implied warranty of fitness of defendant's product for a particular purpose (UCC 2-315; *Millens & Sons v Vladich,* 28 AD2d 1045, 1046, *affd* 23 NY2d 998).

■ Thus, defendant submitted evidence in admissible form establishing a prima facie defense to each of the causes of action alleged in the complaint. Therefore, the burden shifted to plaintiff to submit contradictory proof to withstand defendant's motion by creating one or more issues of fact. No such proof whatsoever was submitted in plaintiff's opposing papers to overcome defendant's defenses to the warranty causes of action. As to plaintiff's cause of action for products liability in tort, the opposing affidavits were insufficient to create a question of fact as to whether the Hannay Reel was not reasonably safe. Since plaintiff's personal affidavit conceded prior awareness of the property of the reel without a guide master of which he complains, it failed to controvert defendant's proof on this issue. The affidavit of plaintiff's expert contained only a bare, conclusory statement that the reel was unsafe without a guide master. No foundational facts, such as a deviation from industry standards, or statistics showing some frequent incidence of injuries in using this type of reel, are averred in support of this conclusion. No inference that the conclusion of plaintiff's expert was based upon his own personal knowledge can be drawn from the summary of his qualifications attached to his affidavit, which disclosed at most a general expertise in mechanical design for heating and other energy systems not

vaguely related to the manufacturer of the product which is the subject of plaintiff's action. Without even the semblance of a foundation based upon facts in the record or personal knowledge, the opinion of plaintiff's expert was purely speculative and, thus, lacked sufficient probative force to constitute prima facie evidence that the Hannay Reel was not reasonably safe for its intended use (see, *Lynch v Merrell-National Labs.*, 830 F2d 1190, 1196-1197; *Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 335; *Matter of Burris v Lewis*, 2 NY2d 323, 327; *Mohan v Westchester County Med. Center*, 145 AD2d 474, 475; *Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362, 364-366; *see also*, Donaher, Piehler, Twerski and Weinstein, *The Technological Expert in Products Liability Litigation*, 52 Tex L Rev 1303, 1311-1312). In the absence of such a prima facie showing that defendant's reel was not reasonably safe, plaintiff failed to create an issue of fact precluding summary judgment.

MAHONEY, P. J., CASEY, YESAWICH, JR., and HARVEY, JJ., concur.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.