■ RAYMOND PIGLIAVENTO, JR., Appellant, v TYLER EQUIPMENT CORPORATION et al., Respondents. (And a Third-Party Action.) [669 NYS2d 747] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Kramer, J.), entered April 2, 1997 in Schenectady County, which denied plaintiff's motion to amend the complaint, and (2) from an order of said court, entered April 25, 1997 in Schenectady County, which granted defendants' cross motions for summary judgment dismissing the complaint.

In the course of his employment with third-party defendant Grandview Concrete Corporation, plaintiff was injured when he fell from the platform of a concrete mixer truck. The platform contained grab handles and a handrail as permanently affixed standard safety features. Plaintiff fell after he released both hands from the grab handles, turned completely around and inadvertently stepped off the platform.

He commenced this action against defendants, Advance Mixer, Inc. and Tyler Equipment Corporation (the manufacturer and distributor of the truck, respectively), asserting

causes of action in strict products liability for a design defect and failure to warn, negligence and breach of warranties. Upon review of the pleadings, each claim is based on two common assertions: (1) that the truck was defective in not being equipped with a guardrail around the platform, a piece of optional equipment manufactured and offered for sale by Advance Mixer, and (2) that defendants should have warned him of the dangers associated with this unguarded platform. At issue on appeal is Supreme Court's order granting defendants summary judgment dismissing the complaint.

We find that the record supports Supreme Court's determination and accordingly affirm. As relevant here, a plaintiff may recover in strict products liability for the defective design of a product or a manufacturer's failure to warn of risks and dangers associated with the use of a product (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107). A design defect is actionable where a product is not reasonably safe for its intended use; the standard for determining same requires an assessment of whether, " 'if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner' " (*Denny v Ford Motor Co.*, 87 NY2d 248, 257, quoting *Voss v Black & Decker Mfg. Co.*, *supra*, at 108).

Through evidentiary facts in admissible form, defendants established that the concrete mixer truck, which included grab handles and a handrail as standard safety features and a guardrail as an optional safety feature, was reasonably safe as designed (*see, Jackson v Bomag GmbH*, 225 AD2d 879, *lv denied* 88 NY2d 805; *Fallon v Hannay & Son*, 153 AD2d 95, 99-101; *Biss v Tenneco, Inc.*, 64 AD2d 204, 207-208, *lv denied* 46 NY2d 711). Joseph Kraft, Advance Mixer's chief engineer, established that the standard safety features fully complied with all existing State and Federal laws and industry regulations, and that no law or regulation mandated the installation of a guardrail.* Notably, it was further established that a platform guardrail was available to Grandview as optional equipment when it purchased the truck but, consistent with prior concrete truck purchases from defendants, it elected not to purchase it (*see, Jackson v Bomag GmbH*, *supra*; *Biss v Tenneco, Inc.*, *supra*). According to Kraft, between 1987 and 1992

---

* Indeed, the National Safety Council states in data sheet I-617 (concerning "Ready Mixed Concrete Trucks") that the most desirable "[b]uilt-in safety devices in ready mixed concrete trucks" include "grab bars and handrails for safety of operation aboard mixer".

approximately 85% of Advance Mixer concrete truck purchasers declined this option primarily because of its tendency to catch trees and other brush. Defendants further demonstrated that prior to his accident, plaintiff had used the truck at issue "hundreds" of times without incident and similar Advance Mixer trucks "thousands" of times without incident.

In our view, defendants made a prima facie showing of entitlement to summary judgment with respect to the design defect claim, which went unrefuted by plaintiff (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The affidavit of plaintiff's expert contained only a bare conclusory assertion, unsupported by germane foundational facts and data or applicable industry regulations, that the failure to provide a guardrail as a standard option is a design defect. In the absence of any foundation, the opinion is purely speculative and lacks sufficient probative value to raise a genuine issue of fact (*see, Fallon v Hannay & Son, supra*).

With respect to plaintiff's failure to warn claim, we note that there is no duty to warn product users of obvious risks and dangers—that being those risks and dangers which could have been or should have been appreciated by the user or that can be recognized as a matter of common sense (*see, e.g., Stephen v Sico, Inc.*, 237 AD2d 709). In this case, no warning would have given plaintiff any greater knowledge of the obvious danger involved in walking on the unguarded platform than he already had acquired through his own observations and experiences on the subject truck, as well as similar trucks, in the preceding 2½-year period before his accident (*see, e.g., Neri v John Deere Co.*, 211 AD2d 915, 916).

Finally, plaintiff's appeal from Supreme Court's order denying his motion to amend the complaint to add a derivative cause of action on behalf of his wife must be dismissed as academic. Since plaintiff has failed to set forth any cognizable claim against defendants, no derivative action lies (*see, e.g., Kakoullis v Janssen*, 188 AD2d 769, 770).

Plaintiff's remaining contentions have been reviewed and rejected as meritless.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order entered April 25, 1997 is affirmed, with costs. Ordered that the appeal from the order entered April 2, 1997 is dismissed, as academic.