■ AMELIA GARCIA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and WOOLCO REALTY CORPORATION, Respondent. [703 NYS2d 4] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about September 15, 1998, granting the motion of defendant Woolco Realty Corporation for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The IAS Court erred in finding that there was no proof of either actual or constructive notice. The evidence submitted by plaintiff raised a triable issue of fact as to whether the alleged defect in the stairway was visible and apparent and had existed for a sufficient length of time prior to the accident to permit the owner to discover and remedy it, thus constituting constructive, if not actual, notice. Specifically, the record establishes that: (1) Woolco is the owner of the premises; (2) Woolco constructed the stairway in question and was responsible to maintain it in a thoroughly safe and suitable condition; (3) the stairway did not have non-slip treads as required under the terms of the easement; (4) the area was cleaned at least twice daily by Woolco personnel thus giving Woolco an opportunity to observe the defective condition; and (5) the treads had not been repaired since the early 1980's. Furthermore, plaintiff submitted an affidavit of an engineer stating that the steps were defective due to worn out treads and that a fall was a probable consequence of the conditions present on the stairway. This is sufficient to raise an issue of fact as to whether Woolco knew or should have known of the alleged existence of unsafe worn treads on the steps, or whether the condition was an ongoing one routinely left unattended to by Woolco (*see, Gordon v American Museum of Natural History*, 67 NY2d 836).

Under these circumstances, plaintiff's inability to specify at her depositions exactly how she was caused to fall, beyond that

her footing "gave way", does not give defendant an automatic right to summary judgment dismissal here. From the outset, plaintiff consistently maintained that the cause of the accident was the condition of the steps, in addition to improper handrails and a lack of adequate lighting. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.