■ ARTHUR MERRITT, JR., et al., Respondents, v RAVEN COMPANY, Appellant. (And a Third-Party Action.) [706 NYS2d 233] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 19, 1999 in Greene County, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

On May 10, 1991, plaintiff Arthur Merritt, Jr. (hereinafter

plaintiff) was injured in the course of his employment when he fell from the top of a four-foot-high fixed metal bulkhead of the flatbed trailer attached to his truck while unloading sheetrock. As a result of his injuries, plaintiff, together with his spouse, derivatively, brought this action against defendant, the manufacturer of the trailer, alleging causes of action in negligence, strict products liability and breach of warranty. Defendant filed a third-party complaint against plaintiff's employer, Gypsum Haulage, Inc.

After Gypsum filed for bankruptcy, plaintiffs moved to sever the third-party action. Defendant opposed the motion and cross-moved for summary judgment dismissing the entire complaint. Although Supreme Court granted plaintiffs' motion for severance, it denied defendant's cross motion, finding the existence of questions of fact regarding the defective design and common-law negligence causes of action, notwithstanding plaintiffs' concession as to the nonviability of the breach of warranty and strict products liability claims for a defect in manufacturing. This appeal by defendant ensued.

Aside from the above concessions, we note that plaintiffs also did not oppose that part of the cross motion that sought dismissal of their cause of action for strict products liability for failure to warn. In the absence of any opposition, that cause of action should have been dismissed as well (see, Springer v Clark Publ. Co., 191 AD2d 922, 924, lv dismissed 82 NY2d 706).*

To establish a prima facie case of strict products liability alleging a design defect, "the plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing [the] plaintiff's injury" (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107). This "requires an assessment of whether, ' "if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner" ' " (Pigliavento v Tyler Equip. Corp., 248 AD2d 840, 841, lv dismissed and denied 92 NY2d 868, quoting Denny v Ford Motor Co., 87 NY2d 248, 257, quoting Voss v Black & Decker Mfg. Co., supra, at 108; see, Searle v Suburban Propane, 263 AD2d 335).

To satisfy the burden of establishing entitlement to judg-

---

* On appeal, plaintiffs concede that there are no viable claims with respect to those theories.

ment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), defendant submitted an affidavit of its president, Lowell Morgan, who averred that he had been in the business of manufacturing trailers and trucks for the previous 40 years. He identified the trailer from which plaintiff fell as one of 62 custom trailers that defendant had manufactured and delivered to Gypsum pursuant to its specifications. Available options included different rear ends, tie downs, decks, coupling pins and locations, suspension locations, landing gear, tire carriers, lights, dock bumpers and bulkheads. Based upon the needs of individual customers, the ultimate decision as to which features to include was left to the consumer. Further available options included stairs or a tarp bar extending the length of the bulkhead designed to receive the hooks on the ends of bungee cords to secure load tarps. Although a tarp bar could have served as a handhold, averred Morgan, Gypsum did not request either of these options. Morgan further asseverated that of the trailers manufactured by defendant with the optional bulkhead, the vast majority, "approximately 95%," are manufactured without steps; defendant does not offer steps, ladders or handholds as standard equipment. Based upon his extensive experience, he asserted that at the time of delivery, no other trailer manufacturer in the industry manufactured flatbed trailers with bulkheads that have steps, footholds or ladders and that to his knowledge, there was no Federal, State or industry regulation which required any of the above to be provided as standard equipment. The deposition of Morgan further expounded on these concepts.

Inasmuch as defendant sustained its burden of demonstrating that the trailer was reasonably safe for its intended use as designed, "leaving the ultimate determination to the user of the equipment" (*Vannucci v Raymond Corp.*, 258 AD2d 198, 200; *see, Pigliavento v Tyler Equip. Corp., supra*, at 841; *Jackson v Bomag GmbH*, 225 AD2d 879, 882, *lv denied* 88 NY2d 805; *Fallon v Hannay & Son*, 153 AD2d 95, 100), the burden shifted to plaintiffs to establish the existence of a triable issue of fact (*see, Fallon v Hannay & Son, supra*, at 101). Their sole proffer was an affidavit of Alden Gaudreau, a licensed professional engineer, who had purportedly investigated approximately 2,000 incidents of "product failures" of which 20 involved individuals injured "while ascending and descending this type of equipment." Gaudreau opined that it was against proper engineering design practice to provide a bulkhead without steps, handrails or ladders since it was foreseeable that individuals might have to scale the bulkhead to either secure or unload a product and that such equipment could

have been provided at minimal expense. Although he concedes that there are no Federal or State regulations requiring ladders or steps on trailers, Gaudreau relies upon the Occupational Safety and Health Administration (OSHA) standards regulating the safety practice of employers, not manufacturers, to support his opinion.

In our view, this proffer was woefully inadequate to raise a triable issue as to the design defect claim. Gaudreau's resume is not included in the record; his qualifications to render an opinion with respect to flatbed trailers were limited to his status as a licensed professional engineer and an investigator of accidents resulting from "product failure." He tendered no evidence of any practical experience in the field of truck and trailer design and relied only upon "good common practice in design" and engineering.

With no contention establishing a failure to abide by applicable industry regulations or that the trailer, as designed, was not in the condition reasonably contemplated by the ultimate consumer or that it was unreasonably dangerous for its intended use, we find that Gypsum was in the best position to make the decision as to whether handrails or stairs were necessary for its purposes (*see, Vannucci v Raymond Corp., supra*; *Pigliavento v Tyler Equip. Corp., supra*; *Jackson v Bomag GmbH, supra*; *Fallon v Hannay & Son, supra*). Accordingly, dismissal of this cause of action was warranted.

As to the allegation of common-law negligence in the design of the bulkhead, we again find no indication that defendant "acted unreasonably in designing the product" (*Voss v Black & Decker Mfg. Co., supra*, at 107). Since the bulkhead was manufactured and delivered in accordance with Gypsum's specific instructions and the record discloses that the bulkhead could have been manufactured and delivered with optional steps and handholds, we cannot find that the conduct of defendant in designing the product was unreasonable or in violation of any duty of care (*see, id.*, at 107).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to defendant and complaint dismissed.