■ MARY FIELDS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. (And a Third-Party Action.) [788 NYS2d 387]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered August 14, 2003, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

This is a personal injury action in which plaintiff testified at an examination before trial that on November 12, 1998, she was exiting an uptown A train at the 207th Street Station when she tripped and fell on a "bumpy and rough" surface on the platform which had "snagged the toe" of her shoe. Plaintiff further testified that there was tile work being done on the platform surface at the time she fell, and that the tile had apparently been removed in that area, leaving a rough, concrete-like surface. Plaintiff stated that there were no warning signs, yellow tape, or other caution displays to alert the public that construction work was being performed.

Defendant New York City Transit Authority, which had commenced a third-party action against Power Construction TAP, the general contractor for the rehabilitation project at the 207th Street Station, and Florence Century Marble, Inc., the subcontractor hired by Power to perform the tile work, moved for summary judgment on the ground that plaintiff failed to establish

that it had either actual or constructive notice of the alleged hazardous condition, or that it had created such condition.

The Associate Project Manager for the Transit Authority at the 207th Street Station, Daniel Okobi, testified at an examination before trial that: the Transit Authority did not select, but had the right to approve the subcontractor hired to install the tile; the Transit Authority inspected and monitored the progress of the floor tile installation two to four times per day; the tile work was only done on weekends; and there was a sign posted in the station stating that the station was being rebuilt for the comfort of passengers, but it contained no specific warnings about the platform floor.

Florence's Project Manager at the location, Anthony Dattolo, testified at an examination before trial that: the tile work performed by Florence was approximately five to six feet from the subway platform; whenever tile installation work was performed, caution tapes and orange fences were used to barricade the area; and Power and the Transit Authority both inspected Florence's work, although the Transit Authority did not provide any instructions regarding how the work should be performed.

Plaintiff, and her daughter, who was with plaintiff at the time of the accident, both submitted affidavits in opposition to defendant's motion. Plaintiff's daughter claimed that: construction work was ongoing in the same area where her mother had her accident for at least one month prior to the accident; she recalled seeing bags of cement during this time period; the area where her mother fell was uneven, unlevel, rough and bumpy for at least one month prior to the incident; the area was not guarded, blocked or barricaded and there were no warning signs; and that several bags of cement, as well as a large stack of tiles, were in the general area of the accident on the date of the occurrence.

The motion court granted the Transit Authority summary judgment, holding that there was "absolutely no proof" that the Transit Authority had actual or constructive notice of the hazardous condition at the time of the accident. The motion court further found that the affidavits of plaintiff and her daughter were self-serving, and that they contradicted plaintiff's deposition testimony. We disagree and reverse.

Initially, we note that plaintiff testified that she tripped and fell in an area where it appeared as though tile work was being performed on the platform, and that tiles had been removed, leaving a rough and bumpy surface. We find this consistent with plaintiff's statements in her affidavit that repair and/or

construction work was ongoing at the time of her accident. Plaintiff never suggested that she actually saw workers engaged in construction, but rather stated that she was able to observe from the conditions in the station that tile work was being performed. Likewise, plaintiff's daughter's affidavit is consistent with plaintiff's testimony, as she stated that she had observed that construction work was being performed during the four weeks prior to the incident.

In view of plaintiff's and her daughter's testimony, the fact no dispute exists that tile work was ongoing at the time of the accident, and Mr. Okobi's testimony that the Transit Authority inspected and monitored the progress of the floor tile installation two to four times per day, we find that an issue of fact exists as to whether the alleged defect was visible and apparent and had been in existence for a sufficient length of time, prior to the accident, to permit defendant's employees to discover and remedy it, and, as a result, whether the Transit Authority had actual or constructive notice of such dangerous condition (*see Segretti v Shorenstein Co., E., L.P.,* 256 AD2d 234, 235 [1998]; *see e.g. Garcia v New York City Tr. Auth.,* 269 AD2d 142 [2000]). Concur—Saxe, J.P., Ellerin, Nardelli, Gonzalez and Catterson, JJ.