■ MARGO LENNARD, Respondent, v MENDIK REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF NEW YORK, Third-Party Defendant-Respondent. [823 NYS2d 373]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered August 24, 2005, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint and for a

conditional order of indemnification as against third-party defendant, reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

It is undisputed that the entire second floor of 330 West 34th Street was leased by the City and occupied by plaintiff's employer, the Department of Human Resources. There is also uncontested evidence that the City maintained and cleaned its own bathrooms and that the building's management had neither actual notice of, nor created, the alleged defect, a loose floor tile in the ladies' room where plaintiff slipped and fell. Moreover, absent any proof that the City ever requested that the landlord repair the tile pursuant to the terms of the lease or any showing that the building's staff regularly or even periodically entered or inspected the bathroom in question, the affidavit of plaintiff's coworker that she had seen the loose floor tile at least three months before the accident and was present when union shop stewards were informed of the condition was insufficient to raise a factual issue as to whether the landlord had constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have corrected it (*compare Melendez v American Airlines*, 290 AD2d 241, 242-243 [2002]).

In light of the foregoing, we need not reach defendants-appellants' other points. Concur—Andrias, Nardelli and Gonzalez, JJ.

Mazzarelli, J.P., and Malone, J., dissent in a memorandum by Malone, J., as follows: I find that the evidence submitted by plaintiff raises an issue of fact that precludes summary judgment, and accordingly would affirm the order of the motion court.

Defendant landlords agreed in the lease to perform "all repairs needed because of Landlord's negligence," as well as to repair, at the tenant City's expense, "all damage or injury to the Demised Premises . . . whether requiring structural or non-structural repairs, caused by or resulting from carelessness, omission, neglect or improper conduct of, or Alterations made by Tenant, Tenant's agents, invitees, employees, licensees or guests." In the amended lease, the landlord further agreed to furnish rubbish removal services six days a week. By so contracting to maintain the premises in repair and reserving the right to enter for inspection and repair, defendants may have subjected themselves to liability for defective conditions in the building (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566 [1987]; *Worth Distribs. v Latham*, 59 NY2d 231,

238 [1983]; *Bonifacio v 910-930 S. Blvd.*, 295 AD2d 86, 89 [2002]). In support of the motion, Mr. Bortolussi, defendants' current building manager who had no personal knowledge about building or maintenance practices at the time of the accident, testified that no report was generated about the alleged condition. However, neither he nor Mr. Fallon, the resident building manager, performed a record search. Mr. Bortolussi further testified that building employees were in the bathroom of the demised premises for cleaning and unclogging drains, if necessary. Plaintiff's eyewitness, on the other hand, testified that the alleged condition was in existence for a three-month period. In my view, a jury could, under these circumstances, infer that the condition of the tile in the ladies' bathroom was visible and apparent and had existed for a sufficient length of time prior to the accident sufficient to charge defendants with constructive notice of the defect and ample time to remedy it (*see Fields v New York City Tr. Auth.*, 15 AD3d 156, 158 [2005]; *Garcia v New York City Tr. Auth.*, 269 AD2d 142 [2000]). Since defendants failed to demonstrate an absence of any issue of fact, their motion was properly denied.