JOSEPH T. DIMINO, Appellant, v EFFICIENCY ENTERPRISES, INC., Respondent. [835 NYS2d 917]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens

County (Kelly, J.), dated April 27, 2006, which, upon an order of the same court dated March 23, 2006, granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a notice of appeal from the judgment (*see* CPLR 5512 [a]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff allegedly slipped and fell as he attempted to close the rear roll-up door of a truck leased by his employer and owned and maintained by the defendant. The plaintiff alleged that the truck was unsafe for loading and unloading because the distance between the bed of the truck and the ground was too great, and that the defendant, therefore, had a duty to modify the design of the truck by adding a step to the truck's rear impact bar.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting competent evidence demonstrating that the truck was reasonably safe for its intended use even without the additional step, and that the installation of such a step was not mandated by any law, regulation, industry standard or practice (*cf. Merritt v Raven Co.*, 271 AD2d 859 [2000]).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the defendant's voluntary installation of an intermediate step on the rear impact bar of some, but not all, of its vehicles, without legal obligation to do so, did not give rise to a heightened duty of care (*see Gilson v Metropolitan Opera*, 5 NY3d 574, 577 [2005]; *Sherman v Robinson*, 80 NY2d 483, 489 n 3 [1992]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.