■ Kayla James, an Infant, by Her Mother and Natural Guardian, Atara James, et al., Respondents, v Loran Realty V

Corp. et al., Defendants, and Frank Palazzolo et al., Appellants. [877 NYS2d 684]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 17, 2008, which denied the motion of defendants-appellants Frank Palazzolo and Carmine Donadio for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Appellants' moving papers failed to meet their initial burden of demonstrating entitlement to judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Appellants failed to address the key evidentiary submission in opposition to their prior motion to dismiss, raised again on this motion—a mortgage spreader agreement, which consolidated more than $38 million in debt between 35 corporations and was found by this Court to support "plaintiffs' factual allegations setting forth a web of corporate financing arrangements evidently initiated [by appellants] for the purpose of leaving real properties . . . overindebted and judgment-proof" (22 AD3d 291, 292 [2005]). Even if appellants had met their burden, plaintiffs' opposition created a triable issue of fact concerning whether the corporate veil should be pierced. Plaintiffs showed that appellants exercised domination and control over the corporate defendant, by use of the mortgage spreader agreement and other means, in such a way as to prevent recovery by plaintiffs in the event of a finding of liability on plaintiffs' claim of injuries due to lead paint poisoning (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.