■ Sonia Sanchez, Appellant, v Angel Irun et al., Respondents. [922 NYS2d 324]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered March 29, 2010, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) with regard to the asserted

defense that they are out-of-possession landlords with no right of reentry or duty to repair (*see generally Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565-566 [1987]; *Chapman v Silber*, 97 NY2d 9, 19 [2001]). Defendants assert only that the tenant of the basement apartment controlled the interior stairway by reason of an oral lease. However, defendants offer no testimony or other evidence of whether this oral agreement included a right to reenter and a duty to repair.

In any event, the primary issue in this case is whether plaintiff's injuries were proximately caused by the absence of any handrails on the subject interior stairway leading out of the basement apartment, in purported violation of New York City Building Code (Administrative Code of City of NY) § 27-375 (f). It is uncontested that defendant owners caused the stairway and basement apartment to be built, and there is no assertion that the stairway ever had any handrails. Thus, defendants undisputedly created the alleged dangerous condition. Defendants have failed to prove, as a matter of law, that section 27-375 (f) does not apply to this interior stairway (*see Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 139-140 [2000]; *Hotzoglou v Hotzoglou*, 221 AD2d 594 [1995]). Additionally, plaintiff testified that, as she fell, she reached for a handrail, which was not there. Thus, issues of fact exist as to whether the absence of the handrail was a proximate cause of plaintiff's injuries (*see Alvia v Mutual Redevelopment Houses, Inc.*, 56 AD3d 311 [2008]; *Kanarvogel v Tops Appliance City*, 271 AD2d 409, 411 [2000], *lv dismissed* 95 NY2d 902 [2000]; *Hotzoglou*, 221 AD2d at 594; *Lattimore v Falcone*, 35 AD2d 1069 [1970]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Acosta and Manzanet-Daniels, JJ.