■ MINTZ & GOLD, LLP, Respondent, v DANIEL ZIMMERMAN et al., Appellants, et al., Defendant. [932 NYS2d 906]—

This was defendants' second motion for summary judgment. The motion court should have denied it on that basis, as defendants did not present sufficient cause for their successive motions (*see NYP Holdings, Inc. v McClier Corp.*, 83 AD3d 426 [2011]). Even were we to reach the merits we would affirm because plaintiff was not required to plead special damages to set forth its claim under Civil Rights Law § 70 (*see* Civil Rights Law § 71). Concur—Moskowitz, J.P., Renwick, DeGrasse, Abdus-Salaam and Román, JJ.

■ DALE JONES, Respondent, v 550 REALTY HEIGHTS, LLC, et al., Appellants. [932 NYS2d 778]—

Defendants' failed to meet their initial burden of demonstrating entitlement to judgment as a matter of law on the issue of whether they lacked constructive notice that the subject step was worn, because they failed to address the allegation in their moving papers (*see Sanchez v Irun*, 83 AD3d 611, 611-612 [2011]; *James v Loran Realty V Corp.*, 61 AD3d 561, 562 [2009]). Defendants rely on the portion of plaintiff's deposition in which he testified that a puddle caused him to fall, however, he also testified that the worn condition of the step could have contributed to his accident (*see Ruffin v Chase Manhattan Bank, N.A.*, 66 AD3d 549, 549-550 [2009]; *Garcia v New York City Tr. Auth.*, 269 AD2d 142 [2000]). Concur—Moskowitz, J.P., Renwick, DeGrasse, Abdus-Salaam and Román, JJ.