*530 Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J), entered December 19, 2012, which denied defendants’ motion for summary judgment dismissing the complaint and granted plaintiffs cross motion for leave to amend the bill of particulars, unanimously affirmed, without costs.
Defendants’ motion was properly denied in this action where plaintiff was injured when, while descending the exterior steps of defendants’ building while it was raining, he slipped and fractured his right ankle. Plaintiff alleges, inter alia, that he fell because the edge of the step was worn, that the step was slippery because it was painted with high-gloss paint and had no friction strips, and that his ankle broke because his foot slipped between the treads, which had no risers, in violation of Administrative Code of City of NY § 27-376 (c). The record demonstrates that defendants failed to meet their initial burden of demonstrating that they lacked notice of the alleged dangerous conditions of the steps (see Rodriguez v Board of Educ. of the City of N.Y., 107 AD3d 651, 652 [1st Dept 2013]; Jones v 550 Realty Hgts., LLC, 89 AD3d 609 [1st Dept 2011]).
Even assuming that defendants met their initial burden, plaintiff raised triable issues in opposition. Defendants’ contention that there is no allegation that the subject stair was worn is incorrect, since it was alleged in the bill of particulars and plaintiff testified at his deposition that he attributed his accident to the metal stair’s worn tread and edge. A reasonable jury could infer that the complained-of worn condition happened over time (see Taylor v New York City Tr. Auth., 63 AD2d 630 [1st Dept 1978], affd 48 NY2d 903 [1979]). The court properly considered plaintiffs expert’s affidavit on the question of whether the lack of risers on the staircase violated the Administrative Code (see Keneally v 400 Fifth Realty LLC, 110 AD3d 624 [1st Dept 2013]), and defendants failed to rebut plaintiffs expert’s opinion that the lack of any risers violated Administrative Code § 27-376 (c) and was a proximate cause of the accident (see Ruffin v Chase Manhattan Bank, N.A., 66 AD3d 549, 550 [1st Dept 2009]). Plaintiffs expert affidavit is also sufficient to raise a triable issue as to whether defendants knew or should have known of the alleged existence of the worn tread on the subject stair (see Garcia v New York City Tr. Auth., 269 AD2d 142 [1st Dept 2000]).
The court providently exercised its discretion in granting plaintiff’s cross motion to amend the bill of particulars. The proposed amendment is consistent with and relates back to the existing theories of liability as set forth in the complaint and the first supplemental bill of particulars, and the record *531 demonstrates that defendants were on notice that plaintiff was injured on an exterior staircase, not an interior staircase (see James v 1620 Westchester Ave., LLC, 105 AD3d 1, 7 [1st Dept 2013]). Defendants’ argument that the proposed bill of particulars was improperly verified is belied by the record.
Concur— Mazzarelli, J.E, Sweeny, Andrias, DeGrasse and Richter, JJ.