■ MATTHEW BURKE, Respondent, v YANKEE STADIUM, LLC, et al., Defendants, and CASSONE LEASING, INC., Appellant. [47 NYS3d 261]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered December 21, 2015, which, insofar as appealed from as

limited by the briefs, denied the motion of defendant Cassone Leasing, Inc. (Cassone) to dismiss the complaint pursuant to CPLR 3211 (a) (7) or for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was allegedly injured when he stepped out of a trailer owned by Cassone and into a hole in the sidewalk. Plaintiff claims that the trailer was defective insofar as the exit was not equipped with stairs or handrails.

Cassone's motion was properly denied since Cassone failed to establish that it did not owe plaintiff any duty. As the owner of the trailer, Cassone had a duty to maintain it in reasonably safe condition (*see Gronski v County of Monroe*, 18 NY3d 374, 379 [2011]), and contrary to Cassone's suggestion, this principle of premises liability is equally applicable to the owner of a trailer.

Cassone also failed to prima facie establish that it did not breach its duty because it did not offer any evidence, expert or otherwise, of applicable industry standards. This case is thus distinguishable from *Dimino v Efficiency Enters., Inc.* (41 AD3d 421 [2d Dept 2007]) and *Merritt v Raven Co.* (271 AD2d 859 [3d Dept 2000]), in which the defendants submitted evidence that the trucks at issue were reasonably safe for their intended uses even without steps or handholds (*Dimino* at 422; *Merritt* at 861). Since Cassone failed to meet its prima facie burden, plaintiff was not required to submit evidence that the trailer was not safe (*see generally William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]).

Cassone also failed to prima facie establish that the lack of steps or handrails was not a proximate cause of plaintiff's injuries, especially in light of the alleged two-foot gap between the trailer and the ground. Contrary to Cassone's assertion, it is not pure speculation that, had stairs or a handrail been in place, plaintiff may have avoided the hole or at least stepped into it with less force (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]). Nor was the hole in the sidewalk an intervening cause sufficient to break the causal chain, as it was foreseeable that a person exiting the trailer might encounter a defect in the sidewalk below (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Furthermore, Cassone's motion was premature to the extent it was premised on CPLR 3212. At the time of Cassone's motion, no depositions had taken place and such additional discovery is necessary to shed light on the outstanding issues of fact noted above (*see* CPLR 3212 [f]; *Ali v Effron*, 106 AD3d 560 [1st Dept 2013]).

We have considered Cassone's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Manzanet-Daniels, Feinman, Webber and Gesmer, JJ.