Bako v Zaman (2020 NY Slip Op 03065)





Bako v Zaman


2020 NY Slip Op 03065


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


11559 150214/11

[*1]Bela Bako, et al., Plaintiffs-Respondents,
v
Kausar Zaman, et al., Defendants-Appellants, John Doe, Defendant.


Sweetbaum & Sweetbaum, Lake Success (Joel A. Sweetbaum of counsel), for appellants.
Horn & Lee, P.C., New York (John Lee of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered August 12, 2019, which denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish their prima facie entitlement to judgment as a matter of law in this action where plaintiff Bela Bako was injured when, while descending an interior stairwell in the house he and his wife plaintiff Annika Bako were renting, he lost his balance and fell. Although there was a little wall next to the stairwell, plaintiff was unable to grab onto the top of the wall, which was capped by a flat piece of wood. Defendants failed to submit an expert affidavit opining that the subject stairs complied with the applicable building code on the day of the accident even though the complaint and bill of particulars allege that Bela's injuries were proximately caused by the fact that it had inadequate and/or missing handrails (see Burke v Yankee Stadium, LLC, 146 AD3d 720, 721 [1st Dept 2017]).
Furthermore, Bela and Annika both testified that Bela could not stop his fall because the wood piece capping the wall next to the stairwell was too wide for him to grasp. Thus, triable issues exist as to whether the absence of a compliant handrail was a proximate cause of Bela's alleged injuries (see Sanchez v Irun, 83 AD3d 611, 612 [1st Dept 2011]; Asaro v Montalvo, 26 AD3d 306, 307 [2d Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK