**Rambo v Madison Halal Food Corp.**

2024 NY Slip Op 32625(U)

July 30, 2024

Supreme Court, New York County

Docket Number: Index No. 150090/2022

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. HASA A. KINGO

*Justice*

| | PART | 05M |

------------------------------------------------------------------------------X

LEAH R. RAMBO,

                                Plaintiff,

                  - v -

MADISON HALAL FOOD CORP., SAMOORA TRADING CORP., SCHIMENTI CONSTRUCTION COMPANY, LLC,63 MADISON OWNER LLC,THE CITY OF NEW YORK, JOHN DOE

                              Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150090/2022 |
| MOTION DATE | 04/26/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92

were read on this motion for                 SUMMARY JUDGMENT         .

     With the instant motion Defendant Schimenti Construction Company, LLC ("Schimenti") moves for an order, pursuant to CPLR § 3212(b), granting Schimenti summary judgment and dismissing Plaintiff Leah Rambo's ("Plaintiff") verified complaint as well as all cross-claims asserted against Schimenti. Plaintiff and defendant 63 Madison Owner LLC ("63 Madison") oppose the motion. For the reasons set forth herein, the motion is denied.

## BACKGROUND AND ARGUMENTS

     Plaintiff alleges that she was involved in an accident on or about August 5, 2021 at the premises located at 63 Madison, New York, New York 10016 (the "premises")(*see generally* Verified Complaint). Specifically, Plaintiff claims that she was struck by a metal barricade and caused to trip and fall as she was walking along the sidewalk outside of the subject premises (*id.* at ¶ 119).

     In support of the instant motion, Schimenti submits the affidavits of Joseph Sparta ("Sparta"), Chief Financial Officer of Schimenti, dated November 9, 2023 and Gary Nikorak ("Nikorak"), Commercial Construction Superintendent at Schimenti, dated March 6, 2024 at the time of Plaintiff's incident. Through the affidavits, Schimenti argues that it was only involved with the furnishing of certain labor, materials, and services necessary for interior fit-out and build-out construction work at the premises (*see* Sparta Affidavit ¶ 4; Nikorak Affidavit ¶ 5). At the time of loss, Schimenti underscores that Nikorak was the Superintendent for the internal construction project that was taking place at the subject premises (Nikorak Affidavit ¶ 5). Schimenti submits that at no point in time did Schimenti, or any of its subcontractors and/or agents, ever direct, control, or supervise any construction work that was being performed at or near the accident

**150090/2022  RAMBO, LEAH R. vs. MADISON HALAL FOOD CORP. ET AL**
**Motion No.  003**

**Page 1 of 4**

[* 1]

location (Sparta Affidavit ¶ 5; Nikorak Affidavit ¶ 6). Likewise, Schimenti argues that it was never asked to perform any work at or near the accident location as it was solely responsible for and involved with the interior construction of the premises (*id.*). Moreover, Schimenti avers that it never owned, maintained, and/or controlled any metal barricades/barriers that were placed outside the subject premises (Sparta Affidavit ¶ 6; Nikorak Affidavit ¶ 7). Schimenti also states that it does not have any record of Plaintiff's alleged incident or any other accidents in relation to the premises (Sparta Affidavit ¶ 7; Nikorak Affidavit ¶ 8). As such, Schimenti contends that it is an improper defendant in this litigation, and that all claims against it should be discontinued in their entirety with prejudice (Sparta Affidavit ¶ 8; Nikorak Affidavit ¶ 9).

In opposition, Plaintiff argues that Schimenti's affirmations contain materially false statements that clearly demonstrate both affiants lack the necessary foundational knowledge concerning the subject construction site. Plaintiff emphasizes that the affiants' lack of knowledge is so complete that they were unaware Schimenti is a named defendant in at least one other personal injury action concerning the same premises. Plaintiff also highlights that Schimenti does not have any record of Plaintiff's alleged incident or any other accidents related to the premises. Furthermore, Plaintiff states that at the location of the accident, there was a Schimenti plywood barrier on one side of the sidewalk, constructed using 4-foot by 8-foot plywood. Above the sidewalk, there were metal support beams that are part of a scaffolding structure and corrugated sheet metal. On the other side of the sidewalk, there were numerous metal cross members providing lateral stability to the Schimenti pedestrian tunnel. Beyond these cross members was a street with cars, vans, and other vehicles. As Schimenti has provided only self-serving affidavits and no documentary evidence to support its assertions, Plaintiff contends that summary judgment must be denied.

In addition, 63 Madison opposes Schimenti's motion by arguing that there are issues of fact regarding Schimenti's involvement with the subject premises since documents indicate that Schimenti was the general contractor for the entire premises. 63 Madison further argues that there are questions regarding ownership of the barricade, whether the barricade was placed for construction workers, the purpose of the barricade, and actions taken by Schimenti as general contractor. Additionally, 63 Madison submits that discovery is in its infancy, thereby rendering the instant motion premature.

## DISCUSSION

In order to prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

Summary judgment is a drastic remedy. Therefore, the court's function on a motion for summary judgment is issue finding rather than issue determination (*Stillman v Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]). Since summary judgment is a drastic remedy, it should not

[* 2]

be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824 [2014]).

When confronted with a summary judgment motion, it is the court's responsibility to search the record for triable issues of fact without determining the strength of either parties' case (*Cross v. Cross*, 112 AD2d 62 [1st Dept 1985]). In doing so, the court must search evidentiary facts sufficient to defeat a motion for summary judgment. The mere existence of a material issue of fact should lead to the denial of the motion (*see Downing v. Schreiver*, 176 AD2d 781 [2d Dept 1991]). It is also firmly acknowledged that matters concerning negligence seldom find facile resolution through summary judgment proceedings (*Ugarizza v. Schmieder*, 46 NY2d 471 [1979]). Indeed, the pivotal inquiry as to whether a defendant's actions constitute negligence is inherently entwined with questions of fact that properly belong within the purview of a jury (*Rivers v. Atomic Exterminating Corp.*, 210 AD2d 134 [1st Dept 1994]).

"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (*Rutherford v Brooklyn Navy Yard Dev. Corp.*, 174 AD3d 932, 933 [2d Dept 2019] [internal quotation marks and citations omitted] [denying summary judgment motion as premature because motion made "before a preliminary conference was held, before any written discovery was exchanged, and before any depositions were taken"]). When a party has not been afforded such reasonable opportunity, the summary judgment motion may be denied as premature (*see Burke v Yankee Stadium, LLC*, 146 AD3d 720, 721 [1st Dept 2017] [denying motion as premature because "no depositions had taken place and ... additional discovery [was] necessary to shed light on the outstanding issues of fact"]; Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3212:50). This is especially true when no preliminary conference has taken place (*see Rutherford*, 174 AD3d at 933; *Bradley v Ibex Constr. LLC*, 22 AD3d 380, 380 [1st Dept 2005] [affirming denial of motion for partial summary judgment as premature because motion made before preliminary conference held]), or when depositions have not occurred (*see Burke*, 146 AD3d at 721; *Figueroa v City of New York*, 126 AD3d 438, 439 [1st Dept 2015] ["(A) motion for summary judgment should be denied as premature where the movant has yet to be deposed"]; *McGlynn v Palace Co.*, 262 AD2d 116, 117 [1st Dept 1999] [denying partial summary judgment motion because defendants had not been able to depose injured plaintiff]).

Here, Schimenti supports its motion primarily with affidavits from Sparta and Nikorak, Both affidavits assert that Schimenti was involved solely in interior construction at the premises and had no control, direction, or involvement with the exterior where Plaintiff's accident occurred. Furthermore, Schimenti contends that it did not own, maintain, or control any metal barricades at the accident location and has no record of Plaintiff's incident or any other similar accidents at the premises. As the primary evidence submitted is self-serving affidavits, Schimenti has failed make out a prima facie showing of its entitlement to summary judgment (*see Concepcion ex rel. Vera v. Walsh*, 38 AD3d 317 [1st Dept 2007]). Moreover, even if Schimenti had made out a prima facie showing, 63 Madison's opposition underscores that issues of fact remain regarding Schimenti's involvement with the subject premises. Permits and documents indicate that Schimenti was the general contractor for the entire premises. 63 Madison aptly argues that questions remain regarding

**150090/2022 RAMBO, LEAH R. vs. MADISON HALAL FOOD CORP. ET AL** **Page 3 of 4**
**Motion No. 003**

3 of 4

the ownership of the barricade, whether the barricades were placed for construction workers, the purpose of the barricades, and the actions taken by Schimenti as the general contractor.

The sole case that Schimenti cites in favor of granting summary judgment based primarily on affidavits., *Rodriguez v. The Related Companies, L.P., et al.*, Index No.: 801733/2021E (Sup. Ct., Bronx Cnty Feb. 14, 2014), is inapposite. *Rodriguez* involved a labor law case concerning an injury at the Hudson Yards Mall. There, the affidavit supporting the motion for summary judgment was significantly more detailed than those submitted in the present case. To be sure, unlike the affidavit in *Rodriguez*, the affidavits provided by Schimenti here lack sufficient factual detail to establish a prima facie case. Moreover, at oral argument counsel for 63 Madison aptly underscored that contrary to Schimenti's assertions that it only performed interior work, the presence of an exterior scaffold purportedly erected by Schimenti may have established a duty to Plaintiff that is far removed from the facts underscoring the *Rodriguez* case. Additionally, it is generally atypical to grant summary judgment based solely on *affidavits*. Had Schimenti submitted contracts, plans, daily logs, or similar documentation, it might have had sufficient evidence to establish a prima facie case. However, in the absence of such information, summary judgment is denied on this record.

The court further notes that in accordance with CPLR § 3212(f), the Appellate Division, First Department, "has held that a motion for summary judgment should be denied as premature where the movant has yet to be deposed" (*Figueroa*, 126 AD3d at 439). Plaintiff's deposition is noticed for October 23, 2024, and Schimenti's deposition is scheduled for October 28, 2024. Since there has been little discovery in this action and no depositions of the parties, there is a dearth disclosure supporting Schimenti's claims.

Additionally, the discovery provided demonstrates that at the time of Plaintiff's fall, Schimenti was conducting construction work at Madison and 28th, which may have caused or created the subject defect. Furthermore, Google images from July 2021 show an orange metal barricade next to scaffolding. Additional discovery and depositions are likely to produce information relevant to the core issues in this matter. Therefore, Schimenti's motion is also denied as premature (*see Rutherford*, 174 AD3d at 933; *Burke*, 146 AD3d at 721; *Bradley*, 22 AD3d at 380).

Accordingly, it is hereby

ORDERED that Schimenti's motion is denied in its entirety.

This constitutes the decision and order of the court.

| _____<br>**7/30/2024**<br>DATE | | _____<br>**HASA A. KINGO, J.S.C.** |
|---|---|---|

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150090/2022  RAMBO, LEAH R. vs. MADISON HALAL FOOD CORP. ET AL**                Page 4 of 4
**Motion No.  003**

4 of 4