■ Laurel Telfeyan, Respondent, v City of New York, Defendant, and New York City Transit Authority, Appellant. [836 NYS2d 71]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 25, 2005, which, upon reargument, denied defendant-appellant's previously granted motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and defendant's motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

This action stems from a slip and fall accident that occurred on June 12, 2003 in the stairwell of the Transit Authority's subway station located on 81st Street near the Museum of Nat-

ural History. Plaintiff, a 53-year-old vocational rehabilitation specialist, was descending the staircase when she lost her footing and fell. Supreme Court initially granted defendant's motion for summary judgment and dismissed the complaint because, simply stated, plaintiff did not know why she fell. On reargument plaintiff claimed, in an affidavit prepared almost two years after her accident, that she fell because the accumulating water from the day's rainfall made the steps slippery. Plaintiff also submitted expert testimony to the effect that the stairway, as configured, did not meet applicable safety standards because it did not have a center handrail and the treads on the staircase lacked the necessary traction.

In testimony given on October 9, 2003, plaintiff stated that she did not know what caused her to fall. She stated that at the moment of her fall, she was not looking at the steps, but she did acknowledge that there was no debris on the staircase. She remembered that it was raining but did not know if the subway steps were wet. When specifically asked what caused her to fall, plaintiff testified "I really don't know what happened, honestly."

Generally, a plaintiff's firsthand account of the cause of an accident is essential to establish a prima facie case for negligence. When defendant initially made this point and submitted its motion for summary judgment, plaintiff responded with an affidavit wherein she now claims that "my slip and fall was caused when my foot slipped on the *aforesaid* step as a result of the water located on such step" (emphasis added).

Affidavit testimony that is obviously prepared in support of ongoing litigation that directly contradicts deposition testimony previously given by the same witness, without any explanation accounting for the disparity, "creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment" (*Harty v Lenci*, 294 AD2d 296, 298 [2002]; *see Schiavone v Brinewood Rod & Gun Club*, 283 AD2d 234, 235-236 [2001]; *Sullivan v International Fid. Ins. Co.*, 255 AD2d 128 [1998]).

Moreover, the opinion of plaintiff's expert is inexorably tied to plaintiff's belated disclosure describing the condition of the stairs, and as such, cannot be considered competent evidence creating a question of fact. In addition, the opinion, as stated, does not establish a causal connection between plaintiff's fall and the defects in the staircase alleged to have existed at the time (*Pena v Women's Outreach Network, Inc.*, 35 AD3d 104 [2006]; *Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516 [2005]). Concur—Tom, J.P., Marlow, Nardelli, Gonzalez and Kavanagh, JJ.