■ STELA DANIAROV, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [879 NYS2d 404]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered January 10, 2008, which, in an action for personal injuries allegedly sustained when plaintiff slipped on the third step from the bottom of a staircase in defendant's subway station, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence including, inter alia, plaintiff's testimony that although there was no handrail to break her fall, she did not know how she fell or what caused her to slip.

In opposition, plaintiff submitted an affidavit from her expert, who, in contrast to plaintiff's testimony, found a handrail present at the point where plaintiff allegedly slipped, but asserted that alleged violations of the New York City Building Code with respect to the handrail caused plaintiff's accident. Plaintiff's failure to testify as to what caused her accident is fatal to her cause of action (see *Telfeyan v City of New York*, 40 AD3d 372 [2007]), and such failure cannot be cured by her expert's opinion that the subject handrails violated the Building Code, even if applicable, in the absence of any evidence connecting the alleged violations to plaintiff's fall (see *Reed v Piran Realty Corp.*, 30 AD3d 319 [2006], *lv denied* 8 NY3d 801 [2007]; *see also Ridolfi v Williams*, 49 AD3d 295 [2008]). Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.