■ DIANE BABICH et al., Appellants, v R.G.T. RESTAURANT CORP., Doing Business as PUNCH, et al., Respondents. [896 NYS2d 334]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 2, 2009, which, in an action for personal injuries sustained in a slip and fall down a staircase, granted defendants' motions for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendants established their prima facie entitlement to summary judgment by submitting evidence that the subject staircase was in compliance with the applicable Building Code provisions (see Administrative Code of City of NY § 27-375 [f], [h]; § 27-381 [a]). In opposition to the motion, plaintiffs submitted an affidavit from an expert, an architect, stating that he visited the building in question and observed that the existing stair was "steel with a matte black non-slip finish that is applied to it as required by the New York City Building Code," but the "non-slip finish on the nosing of each tread and top platform is severely worn off," thereby "creating an extremely slippery condition at the edge nosing of the top platform and at each stair tread." This expert evidence submitted by plaintiffs raised a triable issue of fact as to whether the tread of the stairs complied with the pertinent regulations of the Building Code. Moreover, the injured plaintiff's testimony that she slipped on the top step of the subject stairway, coupled with her expert's testimony of the slippery condition of such steps due to worn-off treads, provided sufficient circumstantial evidence to raise an issue of fact as to whether her fall was caused by the allegedly defective condition (see Garcia v New York City Tr. Auth., 269 AD2d 142 [2000]; Gramm v State of New York, 28 AD2d 787 [1967], affd 21 NY2d 1025 [1968]). Concur—Mazzarelli, J.P., Acosta and Renwick, JJ.

Freedman, J., dissents in a memorandum as follows: In my view, plaintiffs fail to raise a triable issue of fact to rebut defendants' showing that they are entitled to summary judgment in this negligence action. Accordingly, I would affirm the motion court's order dismissing the complaint.

In January 2006, plaintiff Diane Babich was injured in a Manhattan restaurant by falling down a flight of stairs that connected the premises' ground floor to restrooms in the basement. After discovery was completed, defendants separately moved for summary judgment on the grounds, among other things, that plaintiffs could not show the stairs were defective and that Diane Babich was unable to identify what caused her to fall. In support, defendants submitted affidavits from two professional licensed engineers who had inspected the stairway and had measured both the steps' coefficient of friction (their

slipperiness) and the illumination in the stairway (expressed in foot-candles). The engineers found that the stairway's construction and maintenance fully complied with the New York City Building Construction Code, including its requirements about step geometry, handrails, surfacing with nonslip materials, and lighting.

Defendants also submitted Babich's deposition testimony, in which she stated that the accident occurred when she fell from the landing at the top of the stairs. When asked what caused her fall, she stated, "My foot slipped, that's all I can tell you." She indicated that she lost consciousness and did not remember anything further until she later awoke in the hospital. She also stated that she did not know which foot had slipped.

In opposition to defendants' motions, plaintiffs submitted the expert affidavit of an architect who had visually inspected the staircase after the accident but had not performed any tests on it.[1] This expert opined that the nonslip finish on the stairs was inadequately maintained because it was worn at the nosings[2] of the treads and top landing, which made their fore edges slippery.[3]

Plaintiffs also submitted an affidavit from Diane Babich, prepared in response to the summary judgment motions, stating that her testimony was "consistent" with the architect's theory as to what caused her fall.

At most, plaintiffs have raised an issue as to whether the worn finish on the nosing of the landing complied with the Building Code. However, Babich's testimony fails to show that the worn finish caused her fall, which is necessary to establish a prima facie case (*Telfeyan v City of New York*, 40 AD3d 372, 373 [2007] [a negligence claim must be established by the injured plaintiff's testimony about what caused the accident]; *see also Wilson v New York City Tr. Auth.*, 66 AD3d 602 [2009]). Babich has no idea what made her slip on the landing, and no evidence connects Babich's fall with the alleged Building Code violation (*see Batista v New York City Tr. Auth.*, 66 AD3d 433 [2009]; *Daniarov v New York City Tr. Auth.*, 62 AD3d 480 [2009]; *McNally v Sabban*, 32 AD3d 340 [2006]).

---

1. All three experts examined the staircase in June 2007, some 17 months after the accident.

2. "Nosings" are the rounded edges of stair treads that project over the risers.

3. Plaintiffs' expert also stated that although the Building Code did not require a second handrail, the defendant restaurant owner should have installed one, "given the fact that the stair was to be used to connect the restaurant, which serves alcoholic beverages [sic] to the public restrooms below." Plaintiffs largely abandoned this argument on appeal.

I disagree with the majority's finding that plaintiffs' expert's affidavit, coupled with Babich's testimony that she "slipped," constituted sufficient circumstantial evidence to raise the issue of whether the alleged defect caused the accident. Under the circumstances here, it is equally if not more likely that Babich fell for completely unrelated reasons.

To find for plaintiffs, a factfinder would have to speculate about what caused Babich to slip on the stairs, and accordingly, summary judgment was properly granted to defendants.