■ DIANE BABICH et al., Appellants, v R.G.T. RESTAURANT CORP., Doing Business as PUNCH, et al., Respondents. [906 NYS2d 528]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 2, 2009, which granted defendant R.G.T.'s motion and defendant Scher's cross motion for summary judgment dismissing the complaint, modified, on the law, the motion by R.G.T. denied, and the complaint reinstated against that defendant, and otherwise affirmed, without costs.

This personal injury action stems from the injured plaintiff's fall down an interior staircase leading to a cellar where the restrooms were located in a building owned by Scher and operated as a restaurant by R.G.T. Following discovery, the restaurant moved for summary dismissal of the claims asserted against it, on the grounds, inter alia, that plaintiffs were unable to identify the cause of the fall and could not show a defect in the staircase. The owner cross-moved for summary dismissal on these same grounds, as well as the ground that it owed no duty to plaintiff to keep the premises safe as an out-of-possession landlord. Supreme Court granted the motion and cross motion,

and dismissed the action on the ground of lack of evidence of a defective condition.

We agree with Supreme Court that the action against the owner should be dismissed, albeit on grounds different from those stated. A landlord is not generally liable for negligence with respect to the condition of property after its transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs or maintain the premises, or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense, and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision (*Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1996], *lv denied* 88 NY2d 814 [1996]; *see McDonald v Riverbay Corp.*, 308 AD2d 345 [2003]; *Quinones v 27 Third City King Rest.*, 198 AD2d 23 [1993]). Here, the lease between the owner and the restaurant imposes no obligation on the former to make repairs or maintain the demised premises. While the owner retained the right to reenter, inspect and make repairs, there is no triable issue of fact as to whether the allegedly defective condition involved a significant structural or design defect contrary to a specific statutory safety provision. Accordingly, the out-of-possession landlord is entitled to summary judgment (*Torres v West St. Realty Co.*, 21 AD3d 718, 721 [2005], *lv denied* 7 NY3d 703 [2006]).

We reach a different result with regard to the restaurant, which established its prima facie entitlement to summary judgment by submitting evidence that the staircase was in compliance with the applicable building code provisions (*see* Administrative Code of City of NY § 27-375 [h]). In opposition to the motion, plaintiffs submitted an affidavit from an expert architect who stated that he visited the building in question and observed that the existing stair was "steel with a matte black non-slip finish that is applied to it as required by New York City Building Code," but the "non-slip finish on the nosing of each tread and top platform is severely worn off," thereby "creating an extremely slippery condition at the edge nosing at the top platform and at each stair tread." This expert evidence submitted by plaintiffs raised a triable issue of fact as to whether the tread of the stairs complied with the pertinent regulations of the building code. Moreover, the injured plaintiff's testimony that she slipped on the top step of the subject stairway, coupled with her expert's testimony of the slippery condition of such steps due to worn-off treads, provided sufficient circumstantial evidence to raise an issue of fact as to whether her fall was caused by the allegedly defective condition (*see Garcia v New*

*York City Tr. Auth.*, 269 AD2d 142 [2000]; *Gramm v State of New York*, 28 AD2d 787 [1967], *affd* 21 NY2d 1025 [1968]). Concur—Mazzarelli, J.P., Acosta and Renwick, JJ.

Freedman, J., dissents in a memorandum as follows: I concur with the majority that the owner is entitled to summary judgment as an out-of-possession landlord. But in my view, summary judgment is also warranted for defendants because plaintiffs fail to make a prima facie showing that the condition of the stairs caused Diane Babich to fall on them. Accordingly, I would affirm the motion court's order dismissing the complaint.

In support of their motions for summary judgment, defendants submitted affidavits from two professional licensed engineers who had inspected the stairway and had measured both the steps' coefficient of friction (their slipperiness) and the illumination in the stairway (expressed in footcandles). The engineers found that the stairway's construction and maintenance fully complied with the New York City Building Construction Code, including its requirements about step geometry, handrails, surfacing with non-slip materials, and lighting.

Defendants also submitted Babich's deposition testimony, in which she stated that the accident occurred when she fell from the landing at the top of the stairs. When asked what caused her fall, she stated, "My foot slipped, that's all I can tell you." She indicated that she lost consciousness and did not remember anything further until she later awoke in the hospital. She also stated that she did not know which foot had slipped.

In opposition to defendants' motions, plaintiffs submitted the expert affidavit of an architect who had visually inspected the staircase after the accident but had not performed any tests on it.*

Plaintiffs also submitted an affidavit from Babich, prepared in response to the summary judgment motions, stating that her testimony was "consistent" with the architect's theory as to what caused her fall.

While plaintiffs have raised an issue about the worn finish on the nosing of the landing, Babich's testimony fails to show that the worn finish caused her fall. Causation is critical to establishing a prima facie case (*Telfeyan v City of New York*, 40 AD3d 372 [2007] [a negligence claim must be established by the injured plaintiff's testimony about what caused the accident]; *see also Wilson v New York City Tr. Auth.*, 66 AD3d 602 [2009]). Babich has no idea what made her slip on the landing, and no

---

* All three experts examined the staircase in June 2007, some 17 months after the accident.

evidence connects Babich's fall with the alleged worn condition (*see Batista v New York City Tr. Auth.*, 66 AD3d 433 [2009]; *Daniarov v New York City Tr. Auth.*, 62 AD3d 480 [2009]; *McNally v Sabban*, 32 AD3d 340 [2006]).

I disagree with the majority's finding that plaintiffs' expert's affidavit, coupled with Babich's testimony that she "slipped," constituted sufficient circumstantial evidence to raise the issue of whether the alleged defect caused the accident. Under the circumstances here, it is equally if not more likely that Babich fell for completely unrelated reasons.

To find for plaintiffs, a factfinder would have to speculate about what caused Babich to slip on the stairs. Accordingly, summary judgment was properly granted to defendants.

The decision and order of this Court entered herein on March 11, 2010 (71 AD3d 479 [2010]) is hereby recalled and vacated (*see* 2010 NY Slip Op 76240[U] [2010] [decided simultaneously herewith]). Cross motion for the imposition of sanctions is denied (*see* 2010 NY Slip Op 76240[U] [2010] [also decided simultaneously herewith]).