■ EDELFIN CINTRON et al., Appellants-Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and EOP WORLD-WIDE PLAZA, LLC, et al., Respondents-Appellants, et al., Defendant. [908 NYS2d 190]—

Order, Supreme Court, New York County (Donna Marie Mills, J.), entered January 12, 2009, which, in an action for personal injuries sustained in a slip and fall down stairs, denied plaintiffs' motion for leave to amend the bill of particulars, unanimously affirmed, without costs. Order, Supreme Court, New York County (Harold B. Beeler, J.), entered February 11, 2009, which, to the extent appealed from as limited by the briefs, denied the cross motion of defendants EOP Worldwide Plaza, LLC and Equity Office Properties Management Corp. (collectively EOP) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment accordingly.

The motion court properly exercised its discretion in denying the motion to amend the bill of particulars, where the delay in making the motion was unreasonable given that it was made four months following the filing of the note of issue and four years after the commencement of the action (*see e.g. Keene v Columbia-Presbyterian Med. Ctr.*, 214 AD2d 430 [1995]). The claim of plaintiffs' counsel that he relied on his client's statement that the subject stairs were being renovated, and thus did not inspect them until four years after the accident, does not constitute a reasonable excuse. Furthermore, the code violations plaintiffs sought to add to the bill of particulars did not merely embellish their initial claims, but constituted substan-

tive changes and additions to the theory of the case, which would require defendants to reorient their defense strategy to focus on these violations (*see Markarian v Hundert*, 262 AD2d 369 [1999]).

The record demonstrates that dismissal of the complaint as against EOP is warranted, since EOP established its prima facie entitlement to judgment as a matter of law and plaintiffs' opposition failed to raise a triable issue of fact (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Regarding the existence of a dangerous condition, EOP demonstrated that plaintiffs made only unsupported allegations about the stairs, never responded to the demand for expert witness disclosure, and had not provided any other proof regarding a defect in the stairs. In response, plaintiffs, for the first time, produced an expert affidavit setting forth findings regarding the stairs. However, these findings were not probative of the condition of the stairs at the time of the accident since the expert did not inspect the stairs until four years after the accident (*see Garcia v The Jesuits of Fordham*, 6 AD3d 163, 166 [2004]; *Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]). The expert also improperly relied on the various code violations which had not been pleaded, apparently on the assumption that plaintiffs would be permitted to amend the bill of particulars.

EOP also demonstrated that they neither created nor had notice of any defect in the staircase. There was no evidence of any complaints received or of any violations or citations issued regarding the staircase. Furthermore, EOP's witness testified that he informally inspected the stairs on a weekly basis and did so formally once a month, and he never noticed any defect or dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Plaintiffs' opposition failed to raise a triable issue as the injured plaintiff testified that he never used the staircase before the accident and could not state how long the alleged condition existed. Nor did plaintiffs produce any other evidence indicating how long the condition existed (*see Montero v Southern Blvd. Ltd. Partnership*, 73 AD3d 568 [2010]).

The record further demonstrates that the complaint as against EOP should have been dismissed because the alleged condition of the stair was too trivial to be actionable. The injured plaintiff claimed only that the stair was slippery and appeared a little bit worn, while denying that any substance on the stairs caused him to fall, and the photographs of the stairs at the time of the accident do not reveal a trap or major defect (*see Sulca v Barry Hers Realty, Inc.*, 29 AD3d 779 [2006]; *Santi-*

*ago v United Artists Communications*, 263 AD2d 407, 408 [1999]). Concur—Saxe, J.P., Nardelli, McGuire, Freedman and Abdus-Salaam, JJ.