■ Ubaldo Garcia-Rosales, Appellant, v 370 Seventh Avenue Associates, LLC, Respondent. (And a Third-Party Action.) [930 NYS2d 183]—

Defendant made a prima facie showing of entitlement to judgment as a matter of law with evidence that it was an out-of-possession landlord, it was not contractually obligated to make

repairs and maintain the premises, and plaintiff's accident was caused by a nonstructural defect, namely, wet and slippery stairs (*see generally Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [2010]).

In opposition, plaintiff failed to raise an issue of fact. Although plaintiff asserted in his bill of particulars that the subject stairs violated Administrative Code of the City of New York § 27-375, he failed to provide sufficient evidence to raise an issue as to whether the alleged structural defects caused his accident (*compare Babich*, 75 AD3d at 440). Plaintiff's deposition testimony is bereft of any claim that his fall was caused by the alleged defects of uneven, narrow steps, low handrails, or nonslip treads. Plaintiff's affidavit is insufficient to raise an issue of fact, since it "appears to have been tailored to avoid the consequences" of his testimony (*Gemini v Christ*, 61 AD3d 477, 477 [2009]). Plaintiff's expert affidavit also fails to raise an issue of fact, since it is not based on a physical inspection of the staircase (*see Vazquez v JRG Realty Corp.*, 81 AD3d 555 [2011]).

We reject plaintiff's claim that summary judgment is premature because his expert was denied the opportunity to conduct a physical inspection. The motion court, in a preliminary conference order, permitted plaintiff to have an expert engineer inspect the premises. However, plaintiff never identified an engineer or proposed a date for the inspection. Accordingly, his claim that further disclosure is needed is unpersuasive given his own inaction (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Glass Check Cashing Corp.*, 177 AD2d 419, 420 [1991]). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31669(U).]**