■ HARBHAJAN SINGH, Formerly Known as BHAJAN RAKKAR, Appellant, v ACTORS EQUITY HOLDING CORPORATION et al., Respondents. [932 NYS2d 341]—

Plaintiff's argument that summary judgment should not have been granted because defendants failed to include signed, sworn copies of the deposition transcripts, is raised for the first time on appeal and thus, is precluded from review (*Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]). Were we to consider the argument, we would find that the signed, sworn documents were in defendants' possession and could have been provided to the motion court had defendants been notified of the omission. Moreover, the deposition transcripts are admissible as plaintiff's own admission since the transcripts had been certified as accurate by the court reporter (*Morchik v Trinity School*, 257 AD2d 534, 536 [1999]).

Dismissal of the complaint was proper since there are no triable issues as to whether defendants created or had notice of any purported defect to the subject stair. Plaintiff did not see the alleged defect and there had been no complaints of it. Plaintiff's affidavit submitted in opposition to the motion fails to raise a triable issue of fact as it was not consistent with his deposition testimony (*see Telfeyan v City of New York*, 40 AD3d 372, 373 [2007]). Furthermore, plaintiff's expert affidavit fails to raise an issue as to whether defendants had constructive notice of the defect since the expert's observations occurred almost 2$\frac{1}{2}$ years after the accident (*see e.g. Glover v New York City Tr. Auth.*, 60 AD3d 587, 588 [2009]). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 30353(U).]**