■ EDDY RODRIGUEZ, Appellant, v LEGGETT HOLDINGS, LLC, et al., Respondents. [947 NYS2d 429]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 29, 2010, which, in an action for personal injuries sustained when plaintiff slipped and fell as he ascended the interior stairs of defendants' building, granted defendants' motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.

Although defendants, the owner and manager of the building, established prima facie their entitlement to judgment with evi-

dence, including portions of plaintiff's deposition testimony in which he seemed unable to identify the cause of his fall (*see Reed v Piran Realty Corp.*, 30 AD3d 319, 320 [2006], *lv denied* 8 NY3d 801 [2007]), plaintiff raised triable issues of fact in opposition to the motion. The affidavit by an expert engineer who inspected the subject stairs and found a variety of defects and building code violations, particularly at the top tread of the step before the landing, when read in combination with plaintiff's testimony stating, through an interpreter, that "the staircase was bad" and identifying on a photograph the spot where he slipped as the top step of that stairway, was sufficient to raise triable issues as to whether defective conditions at the identified location caused plaintiff to fall (*see Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [2010]).

The facts here are comparable to those in *Babich* (*supra*) where the plaintiff was able to testify only that her foot slipped on the top step of a restaurant stairway, but her expert, on examining the stairs, asserted that a slippery condition had been created where the non-slip finish on the nosing was worn off. This Court held that the combination of the plaintiff's deposition and the expert's affidavit "provided sufficient circumstantial evidence to raise an issue of fact as to whether her fall was caused by the allegedly defective condition" (75 AD3d at 440). The same reasoning applies here. Plaintiff explained that he did not look, after he fell, to determine what had caused his fall, because he was in too much pain and he lost consciousness; however, it is enough to avoid summary judgment that he was able to identify the site of his fall, and his expert was subsequently able to identify defective conditions at that spot.

References to alcohol and cocaine in the ambulance report and emergency room records have no place in this analysis of whether defendants are entitled to summary judgment; even assuming that those materials were admissible, at best they amount to evidence of a competing cause of plaintiff's fall. Nor should our analysis be affected by the observation of the motion court that the photograph of the top step showed only ordinary wear and tear; an expert asserted that defective conditions existed at the top step on which plaintiff fell, which permits a finding that it was a defective condition—not merely a superficially worn tread—that caused plaintiff's fall.

Summary judgment is not warranted based on any perceived deficiency in the expert's affidavit. His failure to identify the specific building code provisions that were allegedly violated does not preclude consideration of his submission. The affidavit specified the measurements that he took, the problems he

observed, and the nature of the violations and defective conditions he claimed, and that is all that is needed to oppose summary judgment. In *Cintron v New York City Tr. Auth.* (77 AD3d 410 [2010]), cited by the dissent for the proposition that the expert affidavit is deficient, the plaintiffs had failed to timely inform the defendants of the specific nature of the defect as well as the specific provisions of the code they sought to rely on. The grant of summary judgment was not based on the expert's failure to cite provisions by number when discussing their alleged violation.

The dissent cites *Kane v Estia Greek Rest.* (4 AD3d 189 [2004]) for the proposition that it is speculative to attribute the cause of plaintiff's accident to the claimed defective condition. However, in that case, the plaintiff was unable to identify the spot at which he slipped. While his expert reported the presence of defective conditions on the restaurant stairs, summary judgment was granted to the restaurant because the plaintiff "did not remember or know why he fell, if indeed he fell on the staircase itself; he only knew that he was found at the bottom of the staircase" (4 AD3d at 190).

That is not the case here. The question of whether plaintiff's fall was caused by any allegedly defective condition present at the spot at which he fell is appropriately left for the trier of fact. Concur—Saxe, Acosta, Freedman and Richter, JJ.

Andrias, J.P., dissents in a memorandum as follows: We all agree that defendants established prima facie their entitlement to judgment by submitting evidence, including plaintiff's deposition testimony, demonstrating that plaintiff was unable to identify the cause of his fall (*see Scott v Rochdale Vil., Inc.*, 65 AD3d 621 [2009]; *Reed v Piran Realty Corp.*, 30 AD3d 319 [2006], *lv denied* 8 NY3d 801 [2007]). The majority believes that plaintiff's testimony that he slipped on the top step of the stairway, together with an affidavit by his expert engineer stating that there were "code violations at the subject stairway, specifically the top tread of the lower run that cause[d] [p]laintiff to slip and fall," is sufficient to raise an issue of fact. On the record before us, I disagree. Therefore, I dissent and would affirm the order granting defendants' motion for summary judgment dismissing the complaint.

According to his bill of particulars, on October 7, 2007, at approximately 2:00 A.M., plaintiff slipped "on the top step before the intermediate landing of the stairs between the first and second floors" of the five-story walk-up building owned and managed by defendants. Although plaintiff alleged that he fell due to "the dangerous and defective condition existing at the

time of the accident," he did not identify any specific statutes, ordinances or rules that defendants allegedly violated. The ambulance report indicates that the cause of plaintiff's injury was alcohol and a fall. The emergency room records indicate that plaintiff had alcohol on his breath and cocaine in his urine.

At his examination before trial, plaintiff testified that he had lived in apartment 2-F for about two years, that he had been the building superintendent until he was fired, and that he used the staircase regularly. He had never had an accident on the staircase before and had not heard of anyone else having one.

The accident occurred when plaintiff was returning home from his girlfriend's apartment, but he could not remember anything about it. Plaintiff could not recall the date or time it occurred, the weather or lighting conditions, or whether he had consumed any alcohol in the three hours before he slipped. When told that the emergency room records indicated that he had tested positive for cocaine, plaintiff replied that no one had ever told him that he used drugs.

Plaintiff could not recall whether he stepped onto the first step before he fell, or how many steps beneath the second floor he was when the accident occurred. He stated, "I fell in between the two staircases . . . [o]r in the middle." Nevertheless, he marked the alleged location of his fall on a photograph, "[i]ndicating," counsel stated, "the top of the staircase or the junction of the landing and the top stair," and testified that he slipped when he put his left foot there.

Plaintiff also testified that he was looking straight ahead, towards the window on the landing, when he slipped. He did not remember if any light or cold air was coming through the window or if he saw anything on the ground before he fell. Plaintiff said that "the staircase was bad," but he could not describe what caused him to fall and did not look to see what it was after he fell.

Where a plaintiff identifies a defect "based on his recognition of the approximate location where he fell—not his recognition of the defect itself," that "basis for identification of the defect amounts to the type of 'rank speculation' that generally warrants summary judgment dismissal" (*Siegel v City of New York*, 86 AD3d 452, 455 [2011] [internal quotation marks omitted]). "Even if an expert alludes to potential defects on a stairway, the plaintiff still must establish that the slip and fall was connected to the supposed defect, absent which summary judgment is appropriate" (*Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [2004]).

The report of plaintiff's expert is patently deficient. While the expert contends that the stairway between the first and second

floor and the top landing did not conform with the requirements of the building code, neither he nor plaintiff in his bill of particulars cites any specific sections (*see Cintron v New York City Tr. Auth.*, 77 AD3d 410 [2010] [expert improperly relied on code violations that had not been pleaded]). While the expert states that the treads were not level and true and were worn, and that the tread widths and heights varied by more than is permitted by the building code, he does not set forth the allowable variations or explain why the variations he observed were more than de minimis. Nor does he give specific measurements for the top step or explain, other than in conclusory fashion, how the alleged defects on that step or the landing caused plaintiff's fall. Plaintiff's deposition testimony is also bereft of any claim that his fall was caused by the alleged defects identified by his expert.

Under these circumstances, plaintiff's submissions do not suffice to satisfy his burden of proof in opposition to defendants' prima facie showing (*see Deutsch v City of New York*, 69 AD3d 523, 523 [2010] ["Plaintiff testified that he does not know why he fell, and the expert's opinion that plaintiff fell because of dangerously uneven riser heights is speculative in the absence of evidence tending to show the existence of the alleged uneven risers at the time plaintiff fell"]; *Batista v New York City Tr. Auth.*, 66 AD3d 433, 434 [2009] ["The assertion of plaintiff's expert that there were defects in the staircase on which plaintiff fell is insufficient to raise an issue of fact as to proximate cause, because there is no evidence connecting plaintiff's fall to those defects"]; *see also Noel v Starrett City, Inc.*, 89 AD3d 906, 907 [2011] ["Although the plaintiffs submitted an affidavit from an engineer who claimed that the staircase violated certain provisions of the Multiple Dwelling Law and the Administrative Code of the City of New York, the plaintiffs presented no evidence connecting these alleged violations to the injured plaintiff's fall. Therefore, it would be speculative to assume that these alleged violations were a proximate cause of the accident"] [internal quotation marks omitted]; *Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199, 1201 [2011] ["Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation. Although the engineer's report alleged that unsafe conditions in the staircase where the plaintiff fell violated various provisions of the building code, the plaintiff presented no evidence connecting these alleged violations to his fall"] [internal quotation marks and citations omitted]).

The majority finds it insignificant that plaintiff's expert did

not identify the specific building code provisions that were allegedly violated. However, unless the provisions are identified, it cannot be determined whether they are applicable to the subject premises. While the majority contends that *Cintron v New York City Tr. Auth.* (77 AD3d 410 [2010], *supra*), is inapposite, like the plaintiff in that case, the instant plaintiff failed to identify in his bill of particulars the applicable statutes, laws, ordinances, codes, rules and regulations allegedly violated by defendants.

"Nor does evidence of worn treads [or tile] imply a dangerous condition, especially in the absence of testimony causally connecting the worn treads to the accident" (*Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 111 [2006], *citing Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [2004], *supra*). Indeed, the motion court observed that the photograph of the top marble step showed nothing more than ordinary wear and tear, which does not render it a dangerous and defective condition (*see Tryon v Chalmers*, 205 App Div 816 [1923], *appeal dismissed* 240 NY 580 [1925]).