■ INMACULADA PEREZ, Respondent, v ABBEY ASSOCIATES COR-
PORATION et al., Appellants. [960 NYS2d 42]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.),
entered July 7, 2011, denying defendants' motion for summary
judgment, unanimously reversed, on the law, without costs, the
motion granted, and the complaint dismissed. The Clerk is
directed to enter judgment accordingly.

Plaintiff testified at her deposition that she slipped and fell
on rainwater on an outdoor staircase leading to the basement
garbage disposal area. She stated that she did not see any
dangerous or unsafe conditions on the steps, other than the
rainwater. Defendants made a prima facie showing that it was
raining until approximately one hour before the accident, and
the building superintendent stated that there were no violations
relating to the stairs. Defendants sustained their burden of
demonstrating that they neither caused nor created the condi-
tion which was the proximate cause of plaintiff's injuries (*see
Brewer v Stonehill & Taylor Architects,* 93 AD3d 462 [1st Dept
2012]).

The burden shifted to plaintiff to raise a triable issue of fact
(*see Smith v Costco Wholesale Corp.,* 50 AD3d 499, 500 [1st
Dept 2008]). Plaintiff's affidavit and the letter from her expert
were insufficient to sustain her burden. Plaintiff's affidavit ap-
pears to have been tailored to avoid the consequences of her de-
position testimony (*see Singh v Actors Equity Holding Corp.,* 89
AD3d 488 [1st Dept 2011]). The expert's letter was irrelevant
because, based on plaintiff's testimony, the conditions cited
were not the proximate cause of her fall. Nor did plaintiff's
expert demonstrate that the Building Code sections alleged were
applicable to the exterior stair where plaintiff fell.

We have considered plaintiff's remaining arguments and find
them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz,
DeGrasse and Román, JJ.