■ BRUCE SIMS, Appellant, v 3349 HULL AVENUE REALTY CO. LLC, Respondent. [965 NYS2d 869]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 10, 2012, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was injured when he slipped and fell on a worn marble tread as be descended the stairs in defendant's building. The worn marble tread is not an actionable defective condition (*see Murphy v Conner*, 84 NY2d 969, 971-972 [1994]; *Cintron v New York City Tr. Auth.*, 77 AD3d 410, 411 [1st Dept 2010]; *Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 111 [1st Dept 2006]), and other than stating that he slipped, plaintiff was unable to explain the cause of his fall, and expressly said that he did not slip on any dirt or debris that may have been present (*see Reed v Piran Realty Corp.*, 30 AD3d 319 [1st Dept 2006], *lv denied* 8 NY3d 801 [2007]).

In opposition, plaintiff failed to raise a triable issue of fact. That defendant's superintendent was aware that the marble step was worn is irrelevant where the alleged defective condition is not actionable (*see DeMartini v Trump 767 5th Ave., LLC*, 41 AD3d 181 [1st Dept 2007]). Moreover, the opinion of plaintiff's expert that the steps were worn and could cause one to slip is speculative (*see Murphy v New York City Tr. Auth.*, 73 AD3d 1143 [2d Dept 2010]), and plaintiff cited no applicable Building Code violations connecting plaintiff's injuries to any alleged defective condition (*see Garcia-Rosales v 370 Seventh Ave. Assoc., LLC*, 88 AD3d 464 [1st Dept 2011]; *compare Babich v R.G.T. Rest. Corp.*, 75 AD3d 439 [1st Dept 2010]). Concur—Andrias, J.P., Saxe, Freedman and Román, JJ.