are too vague to support any inference that the lighting fell below the specific statutory requirements (*see e.g. Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732 [1st Dept 2006], *lv denied* 8 NY3d 814 [2007]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Friedman, J.P., Richter, Feinman and Gische, JJ.

■ Kitty Lee et al., Respondents, v Ana Development Corp. et al., Appellants, et al., Defendants. [973 NYS2d 116]—Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 11, 2012, which, insofar as appealed from as limited by the briefs, denied defendants-appellants' motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.

At her deposition, plaintiff Kitty Lee repeatedly testified that she did not know what caused her to fall down the stairs or where precisely she fell, other than somewhere at the top of the stairs. This evidence establishes prima facie defendants' entitlement to judgment (*see Rodriguez v Leggett Holdings, LLC*, 96 AD3d 555 [1st Dept 2012]; *Daniarov v New York City Tr. Auth.*, 62 AD3d 480 [1st Dept 2009]).

In opposition, plaintiffs failed to raise a triable issue of fact whether defendants' negligence was a proximate cause of Lee's fall. Concur—Friedman, J.P., Richter, Feinman and Gische, JJ.

■ The People of the State of New York, Respondent, v Radames Pepin, Appellant. [973 NYS2d 80]—

■ Alixandra C. Baker et al., Appellants, v 16 Sutton Place Apartment Corporation, Respondent. [973 NYS2d 63]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 7, 2012, which, insofar as appealed