ROLANDO PAGAN, an Infant, by His Mother and Natural Guardian, MILAGROS RIVERA, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [985 NYS2d 42]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered September 14, 2012, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Summary judgment was improperly granted in this action where the infant plaintiff injured his shoulder when, while playing football during recess in defendants' school playground, he tripped over a crack in the pavement and fell to the ground. The evidence, including photographs of the playground submitted by plaintiff raise triable issues as to whether the subject crack had been present for a sufficient period of time to give rise to constructive notice (*see Batton v Elghanayan*, 43 NY2d 898, 899-900 [1978]; *see also Calderon v Noonan Towers Co. LLC*, 33 AD3d 495 [1st Dept 2006]). Furthermore, although defendants established an absence of proximate causation between their alleged negligent maintenance of the premises and the accident by submitting their employee's testimony and the accident report showing that the infant plaintiff did not initially identify the cause of his accident (*see Acunia v New York City Dept. of Educ.*, 68 AD3d 631 [1st Dept 2009]), the infant plaintiff's affidavit stating that he tripped and fell on the crack while playing football raises an issue of fact, sufficiently connecting the accident to the defect (*see Rodriguez v Leggett Holdings, LLC*, 96 AD3d 555 [1st Dept 2012]; *cf. McNally v Sabban*, 32 AD3d 340 [1st Dept 2006]). Concur—Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.