*605 Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 26, 2013, which, insofar as appealed from as limited by the briefs, granted the motion of defendants News America Incorporated and NYP Holdings, Inc. doing business as the New York Post for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established entitlement to judgment as a matter of law in this action where plaintiff alleges that she tripped and fell on a cracked and broken curb of a sidewalk. Defendants submitted, inter alia, deposition testimony showing that they did not create, and had no prior actual or constructive notice of the allegedly defective condition of the curb (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]).
In opposition, plaintiff failed to raise a triable issue of fact. Her testimony that she had given notice of a similar condition at different locations is insufficient to constitute prior notice of the specific defect (see Piacquadio v Recine Realty Corp., 84 NY2d 967 [1994]). The court properly disregarded plaintiff’s claim, in an affidavit, to have observed delivery trucks scraping or driving over the area at issue, as being contradicted by her deposition testimony (see Smith v Costco Wholesale Corp., 50 AD3d 499, 501 [1st Dept 2008]; Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007]). Plaintiff’s reliance on the testimony of a nonparty witness was misplaced as the witness had not seen the alleged defect before the accident and had not observed any vehicles scrape the curb in that area, and the only repairs he observed took place after plaintiff’s accident. Furthermore, there was nothing in the photographs depicting the area from which one “could . . . infer[ ] from the irregularity, width, depth and appearance of the defect . . . that the condition had to have come into being over such a length of time that knowledge thereof should have been acquired by the defendant in the exercise of reasonable care” (Taylor v New York City Tr. Auth., 48 NY2d 903, 904 [1979]).
Concur—Sweeny, J.E, Renwick, Andrias, Saxe and Kapnick, JJ.