■ J-LINE INC., Appellant, v LEGGETT AVE. & SO. BLVD. REALTY CORP., Respondent. [23 NYS3d 167]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered September 17, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the first and second causes of action of the complaint, unanimously affirmed, without costs.

The first cause of action, for breach of the parties' lease, and the second cause of action, for negligence, are based on defendant landlord's alleged failure to maintain its building. In particular, plaintiff tenant asserts that a vacate order issued by the New York City Department of Buildings forced it to vacate the building due to defendant's failure to maintain the "masonry bearing walls" and the "main roof bow truss framing." The lease, however, shows that plaintiff took possession of the premises "as is" and had agreed to keep the load-bearing elements of the building, including the interior and exterior walls, in good order and repair. Accordingly, defendant made a prima facie showing that plaintiff was responsible for the defects that led to the vacate order (*see Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [1st Dept 2010]). In addition, Administrative Code of the City of New York § 28-301.1 may

not serve as a predicate to impose tort liability upon defendant (*Yuying Qiu v J&J Grocery & Deli Corp.*, 115 AD3d 627, 627-628 [1st Dept 2014]).

In opposition, plaintiff failed to raise a triable issue of fact. Although the lease required defendant to maintain the roof and exterior pointing of the building, plaintiff did not show that the vacate order was premised upon any failure by defendant to maintain those aspects of the building. Plaintiff's expert's affidavit is insufficient to raise a triable issue of fact, as his opinion is not based on his personal inspection of the building (*see Garcia-Rosales v 370 Seventh Ave. Assoc., LLC*, 88 AD3d 464, 465 [1st Dept 2011]). While plaintiff asserts that further investigation was required to ascertain which aspects of the premises were damaged and who was responsible for them, there is nothing in the record that indicates that plaintiff made any attempt to have its expert inspect the premises and was denied entry, or that plaintiff made any discovery demands for the information it claims it needed. Moreover, the alleged discrepancies between defendant's expert affidavit and the vacate order do not show that defendant was responsible for the defects mentioned in the order. Concur—Tom, J.P., Renwick, Saxe and Kapnick, JJ.