■ RUMALDO CASTRO, Appellant, v CELANIA PEGUERO, Respondent. [22 NYS3d 860]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered August 20, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured while performing repair work on defendant's house when the ladder he was using, which was provided by his employer, fell over. Plaintiff testified that he did not place the ladder on any defective condition in the driveway and placed pieces of wood under one foot of the ladder to keep it level. Although he knew it was important to have somebody hold the bottom of the ladder because it could slip or move, he started to descend without any assistance and the ladder then slipped and quickly fell. Defendant witnessed the accident and described it the same way.

There is no dispute that defendant, as the owner of a single family residence who was not directing the repair work on her house, is exempt from liability under Labor Law § 240. Defendant may be held responsible under the common law of negligence only if plaintiff can show that she breached her duty to maintain the house in reasonably safe condition, and that her breach of duty was a proximate cause of his injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Basso v Miller*, 40 NY2d 233, 241 [1976]).

Plaintiff does not contend that the natural inclination or slope of the driveway where he placed the ladder is a defective condition (*see Stylianou v Ansonia Condominium*, 49 AD3d 399 [1st Dept 2008]), but contends that there was some other crack or defect in the surface of the driveway. Assuming arguendo that the record raises issues of fact concerning the existence of such a defect, there is no basis for a factfinder to conclude that any defect in the driveway was a proximate cause of plaintiff's accident, since he clearly testified that the ladder was not placed on any defect (*see Acunia v New York City Dept. of Educ.*, 68 AD3d 631, 631-632 [1st Dept 2009]; *Stylianou*, 49 AD3d at 399). Plaintiff's affidavit, stating that the bottom of the ladder came into contact with a "cracked and unlevel" part of the driveway directly contradicts his deposition testimony, without any explanation for the disparity, and thus "creates only a feigned issue of fact," which is insufficient to defeat defendant's motion for summary judgment (*Telfeyan v City of New York*, 40 AD3d 372, 373 [1st Dept 2007] [internal quotation marks omitted]). Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.