■ GRACE BAKER, Appellant, v ROMAN CATHOLIC CHURCH OF THE HOLY SEE, Defendant, and HOLY CROSS CHURCH, Respondent. [26 NYS3d 48]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered November 25, 2014, which granted the motion of defendant Holy Cross Church for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was allegedly injured when she tripped and fell on the stairs as she exited defendant church. Defendant submitted photographs and an expert's affidavit showing that the two-stair staircase was open and obvious and not inherently dangerous (see *Tagle v Jakob*, 97 NY2d 165 [2001]; *Franchini v American Legion Post*, 107 AD3d 432 [1st Dept 2013]). Moreover, since plaintiff was not looking down when she fell, and saw the yellow markings on the stair's riser after her fall, there is no evidence that optical confusion caused the accident (see *Langer v 116 Lexington Ave., Inc.*, 92 AD3d 597, 599 [1st Dept 2012], *lv denied* 24 NY3d 907 [2014]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's expert did not show how the stair was inherently dangerous or constituted a hidden trap (see *Burke v Canyon Rd. Rest.*, 60 AD3d 558 [1st Dept 2009]). The expert's opinion that defendant was obligated to replace the small step with a ramp and install a handrail at the location does not warrant a different determination, as he failed to set forth a violation of any specific industry-wide safety guideline in effect at the time of the church's construction more than 140 years ago and prior to the adoption of the building codes (see *Sakol v Kirsch*, 25 AD3d 523 [1st Dept 2006]).

Furthermore, even if the step configuration was actionable, plaintiff's testimony did not connect her fall to either of the alleged defects, i.e., the short step or the handrail. She testified that she fell when her foot caught on a defect in the step. She did not miss the step due to being unaware of its existence, nor was there any testimony that she reached out for a handrail to catch her fall (see *Daniarov v New York City Tr. Auth.*, 62 AD3d 480 [1st Dept 2009]). Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.