■ ALBERTO VAZQUEZ et al., Appellants, v TAKARA CONDOMINIUM, Respondent/Third-Party Plaintiff-Respondent, et al., Defendants. NATIONS ROOF EAST, LLC, Third-Party Defendant-Respondent. [44 NYS3d 386]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered February 26, 2015, which, inter alia, granted the motion of defendant Takara Condominium (Takara) for summary judgment dismissing the complaint alleging violations of Labor Law §§ 241 (6), 200 and common-law negligence, granted the motion of third-party defendant Nations Roof East, LLC (Nations) for summary judgment dismissing the Labor Law § 241 (6) claim and Takara's third-party action against it, and denied plaintiffs' cross motion for partial summary judgment on their Labor Law §§ 200 and 241 (6) claims, unanimously affirmed, without costs.

Plaintiff Alberto Vazquez was injured during the course of his employment at a construction site on property owned by Takara. Takara had retained Vazquez's employer, Nations, to replace an outdoor plaza and to perform repair work in the garage directly underneath the plaza. Vazquez allegedly slipped and fell as he was descending a flight of stairs leading from the plaza to the garage.

The court properly rejected Vasquez's affidavit as being tailored to avoid the consequences of his deposition testimony (*see Garcia-Rosales v 370 Seventh Ave. Assoc., LLC*, 88 AD3d 464 [1st Dept 2011]). While he averred in the affidavit that he slipped on "slimy mildew" and worn treads, he never testified that such conditions contributed to his fall.

The court properly dismissed the Labor Law § 241 (6) claim, as plaintiffs failed to demonstrate that Takara violated 12 NYCRR 23-1.7 (d), which protects workers against "slipping hazards." While Vazquez testified during his deposition that he

had previously seen dust and rust on the stairs after the power washing of metal I-beams, he also testified that he could not remember how much dust there was or where exactly on the stairs the dust had landed. Further, he testified that he could not remember whether he saw such dust on the stairs the day of the accident, and contrary to plaintiffs' contention, the photographs in the record do not show existence of such a condition. The remaining Industrial Code predicates cited by plaintiffs are not applicable to the facts of this case.

The court also properly dismissed the Labor Law § 200 and common-law negligence claims. "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]). Here, as plaintiffs were unable to identify what it was exactly that caused Vazquez to slip, they failed to show that Takara or Nations created or had notice of the alleged slippery condition. Furthermore, the record does not support plaintiff's allegation that the subject handrail was unstable due to rust. In any event, even if the record demonstrates a rusty unstable handrail of which Takara had notice, plaintiffs have not shown that such condition was a proximate cause of Vazquez's fall. Rather, the record, including his own testimony, shows that he fell primarily because he lost his balance and was unable to grab onto the rail to stop his fall.

The record establishes an absence of negligent acts or omissions on Nations' part. Accordingly, the court properly dismissed Takara's third-party action against it (*see Naughton v City of New York*, 94 AD3d 1, 11 [1st Dept 2012]). Concur—Acosta, J.P., Renwick, Andrias, Saxe and Gische, JJ.