Sylla v Condominium Bd. of the Kips Bay Towers Condominium, Inc. (2018 NY Slip Op 01414)





Sylla v Condominium Bd. of the Kips Bay Towers Condominium, Inc.


2018 NY Slip Op 01414


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


451216/14 5883 5882

[*1]Ismael Sylla, Plaintiff-Appellant,
v
Condominium Board of the Kips Bay Towers Condominium, Inc., et al., Defendants-Respondents, The City of New York, Defendant.


Michael N. David, New York, for appellant.
Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about July 1, 2016, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 28, 2016, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.
Defendants established prima facie that they neither created nor had any notice of a dangerous condition on their driveway, where plaintiff, a bicycle messenger making a delivery to the building, lost control and fell off his bicycle (see DeRosa v City of New York, 30 AD3d 323, 325 [1st Dept 2006]). Photographs taken shortly after the accident do not show any dangerous condition, and the building manager testified that he saw no dangerous condition upon inspection of the area following the accident.
In opposition, plaintiff failed to raise a triable issue of fact as to the existence of a dangerous condition on defendants' property. As an initial matter, his affidavit is inadmissible, because it is unaccompanied by a translator's affidavit attesting to the translator's qualifications and the accuracy of the translation (see CPLR 2101[b]). In any event, the affidavit creates only a feigned issue of fact (see Castro v Peguero, 135 AD3d 584 [1st Dept 2016]). Plaintiff's General Municipal Law § 50-h hearing testimony and his deposition testimony differ greatly as to the cause and manner of his fall. In his affidavit he attempts to reconcile the differences with an explanation that he was unable to provide when asked about the discrepancies at his deposition. In any event, his affidavit is inconsistent with his testimony that the alleged defect caused him to be thrown backwards from his bike. Further, plaintiff failed to explain his admission that the photographs submitted do not depict a hole that caused his fall. His testimony that he had been [*2]moved away from the accident site before the photographs were taken is undermined by the photographs themselves and other parts of his testimony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK