Danis v John C. Food Corp. (2020 NY Slip Op 00552)





Danis v John C. Food Corp.


2020 NY Slip Op 00552


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10907 150098/12

[*1] Mark Joseph Danis, Plaintiff-Appellant,
v
John C. Food Corp., improperly pleaded as McDonald's Restaurant, et al., Defendants, New York City Transit Authority, et al., Defendants-Respondents.


Law Offices of Rosemarie Arnold, New York (Paige R. Butler of counsel), for appellant.
Lawrence Heisler, New York City Transit Authority, Brooklyn (Harriet Wong of counsel), for respondents.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered October 1, 2018, which, to the extent appealed from, granted the motion of defendants New York City Transit Authority and Metropolitan Transportation Authority (collectively NYCTA) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleges that he consumed contaminated food at defendant John C. Food Corp.'s McDonald's restaurant. Several hours later, he began to feel nauseous and boarded a crowded subway train to head home. While on the train, he felt very sick and decided to get off the train. After exiting the train and while on the platform, he leaned over a railing so as to take deep breaths, but while doing so, he lost consciousness and fell on his back. When he fell his left leg extended beyond the platform and became caught in the cables linking the subway cars on the train he had just exited. While extricating his leg from the cables, the train was moving and he sustained a fractured left leg.
NYCTA established prima facie entitlement to summary judgment, as it sufficiently showed that it did not breach a duty of care to plaintiff (see Bethel v New York City Tr. Auth., 92 NY2d 348, 356 [1998]). Plaintiff's deposition testimony suggests that the train was already in motion when he fell unconscious. Thus, the train conductor would have had no knowledge of plaintiff's position on the subway platform even after performing a precautionary visual sweep of the platform before signaling for the operator to proceed. Plaintiff's contradictory statements in his affidavit, drafted about four years later, cannot cure defects in his deposition testimony, and are insufficient to raise a triable issue of fact (see Mermelstein v East Winds Co., 136 AD3d 505 [1st Dept 2016]; see also Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK