Almonte v Edgecombe Props. Ltd. Liab. Co. (2021 NY Slip Op 03245)





Almonte v Edgecombe Props. Ltd. Liab. Co.


2021 NY Slip Op 03245


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 152586/17, 595881/17 Appeal No. 13874 Case No. 2020-04410 

[*1]Angela Almonte, Plaintiff-Respondent,
v
Edgecombe Properties Limited Liability Company, et al., Defendants-Respondents, 535 Phase Construction, Inc., Defendant-Appellant.
Edgecombe Properties Limited Liability Company, et al., Third-Party Plaintiffs-Respondents,
v
535 Phase Construction, Inc., Third-Party Defendant-Appellant.


Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for appellant.
Trolman Glaser Corley & Lichtman, P.C., New York (Morgan A. Corley of counsel), for Angela Almonte, respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered October 6, 2020, which, to the extent appealed from, denied 535 Phase Construction Inc.'s motion for summary judgment dismissing the complaint as against it, and denied in part its motion for summary dismissal of the third-party complaint, unanimously affirmed, without costs.
The motion court properly denied summary judgment to 535 Phase Construction Inc. (Phase) because plaintiff adduced sufficient evidence to raise issues of fact as to whether sawdust caused her slip-and-fall accident (see Healy v ARP Cable, 299 AD2d 152, 154-155 [1st Dept 2002]; see e.g. Rodriguez v Leggett Holdings, LLC, 96 AD3d 555, 556 [1st Dept 2012]; Babich v R.G.T. Rest. Corp., 75 AD3d 439 [1st Dept 2010]) and whether Phase launched an instrument of harm when it created that sawdust (see generally Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). We reject Phase's contentions, which largely amount to issues of credibility that are not properly before the court on a motion for summary judgment (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021