Lee v Widlanski (2023 NY Slip Op 01866)

Lee v Widlanski

2023 NY Slip Op 01866

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Index No. 153371/18 Appeal No. 3 Case No. 2022-02732 

[*1]Eva Lee, as Proposed Administratrix of the Estate of Grace Lee, Plaintiff-Appellant,
v
Philip Widlanski, et al., Defendants-Respondents. (And a Third-Party Action.)

Hach & Rose LLP, New York (Joseph Guardino of counsel), for appellant.
French & Casey, LLP, New York (Elizabeth K. Kimundi of counsel), for Philip Widlanski and Wid Realty Corp., respondents.
Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for 299 Columbus Ave LLC, respondent.

Order, Supreme Court, New York County (William Perry, J.), entered May 26, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
Plaintiff was folding decedent's wheelchair by the exterior front steps of their building, when the 89-year-old decedent, who had walked to the top of the staircase, fell backwards and hit her head on the pavement. Plaintiff testified that she did not see decedent climb the stairs or slip. However, she testified that as decedent was falling backward, she saw decedent moving her arm in such a way that plaintiff thought decedent was trying to grab onto something. Plaintiff alleged that defendants were negligent in failing to provide handrails on the exterior steps leading to the front door.
The court correctly granted defendants' motions because plaintiff did not see what caused decedent's fall, and her testimony that decedent was reaching out to grab a handrail as she was falling was speculative as to causation (see Scholar v Citadel Estates, LLC,177 AD3d 440, 441 [1st Dept 2019]). Plaintiff presented no evidence that any defective conditions identified by her expert was a proximate cause of the accident, and plaintiff's assertion that decedent was reaching for a handrail as she fell was nothing more than conjecture (see Reed v Piran Realty Corp, 30 AD3d 319, 320 [1st Dept 2006], lv denied 8 NY3d 801 [2007]). The affidavit of plaintiff's expert was insufficient to raise a triable issue because there was no evidence connecting the alleged violations of the New York City Building Code, Multiple Dwelling Law, and good and accepted safe practices to decedent's fall, other than speculation (see Daniarov v New York City Tr. Auth., 62 AD3d 480, 481 [1st Dept 2009]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023